# EXHIBIT A

Magistrate's Court Pleadings

Case No.  2025CV1810306381

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | **2025CV1810306381** |
| | ) | CIVIL CASE NUMBER |
| COUNTY OF DORCHESTER | ) | |
| | ) | **IN THE MAGISTRATE'S COURT** |
| | ) | |
| | ) | **SUMMONS** |

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483
(843) 437-7901
**PLAINTIFF(S)**

**Vs**

Trans Union Llc, Registered Agent
Corporation Service Compan
508 Meeting Street
West Columbia, SC 29169
**DEFENDANT(S)**

### TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to answer the allegations of the attached complaint and present any appropriate counterclaims/crossclaims to the attached Complaint within THIRTY days from the first day after receipt of this summons.  Your Answer must be received by the:

**Summerville Magistrate**
**212 Deming Way, Box 10**
**Summerville, SC 29483**
**Phone: (843) 832-0370**
**Fax: (843) 832-0371**

If you fail to answer within the prescribed time, a judgment by default may be rendered against you for the amount or other remedy requested in the attached complaint, plus interest and costs.  **If you desire a jury trial, you must request one in writing at least five (5) working days prior to the date set for trial.**  If no jury trial is timely requested, the matter will be heard and decided by the Judge.

Given under my hand:

_____ Judge Tera S Richardson ____

**JUDGE**

# READ ATTACHED INSTRUCTIONS CAREFULLY

November 5, 2025

MV38   SCCA/700 (Amended 12/2015)

**INSTRUCTIONS FOR DEFENDANT**

1.  If you do not wish to oppose plaintiff's claim you may:
    a.  Contact plaintiff and make an out-of-court settlement with the plaintiff before the trial date and file with the magistrate court a dismissal of the case signed by the plaintiff, or
    b.  Make no answer to the complaint. In that case, the plaintiff will be given a default judgment against you in the amount specified in the complaint.

2.  If you wish to oppose the claim:
    a.  You must file an answer with the magistrate's court within the time limit specified in the summons. If you fail to answer within that time period, you lose your right to defend the case and the plaintiff may be given a default judgment against you in the amount specified in the complaint. Your answer may be made in writing in a form approved by the magistrate, or your answer may be made orally to the magistrate's court if you appear in person within the time limit specified in the summons.
    b.  If you answer within the specified time, you will be notified of the time and date of the trial. You must maintain a correct mailing address with the court and you must appear for trial. Should you fail to appear, you lose your right to defend the case and the plaintiff may be given a default judgment against you in the amount specified in the complaint.
    c.  At the time for trial you must bring with you all books, papers, witnesses, and evidence you have to establish your defense. You are required to comply with the South Carolina Rules of Evidence.
    d.  At your request the court will issue a subpoena for any witness you may need (you must request the subpoena as soon as possible and before the trial date). There is a fee of $3.00 for the magistrate to prepare and mail a subpoena. If the subpoena is delivered by a deputy, there is an additional service fee of $8.00 that must be paid to the court. Further, you will be responsible to the witness for a fee of $25.00.

3.  If you desire a jury trial, you must request one in writing at least **five** (5) working days prior to the date set for trial. If no jury trial is timely requested, the matter will be heard and decided by the magistrate.

4.  If you have a claim against the plaintiff that grows out of the same transaction or occurrence as the plaintiff's claim, you may file a counterclaim. The counterclaim must be filed with the magistrate within the time limit specified in the summons for answering. The counterclaim must be made in writing in a form approved by the magistrate, or it may be made orally to the magistrate's court if you appear in person within the time limit specified in the summons. Your counterclaim will be tried at the same time as the plaintiff's claim if it does not exceed the jurisdiction of the magistrate to hear. If the counterclaim exceeds the magistrate's jurisdiction, the entire matter will be transferred to the circuit court.

5.  If you have a claim against the plaintiff that does not grow out of the same occurrence or transaction as the plaintiff's claim, you may file a claim (complaint) against the plaintiff. This claim would be heard separate and apart from the plaintiff's claim against you.

6.  If you are a member of the Armed Services of the United States, please advise the court upon receipt of this summons.

7.  If you are under 18 years of age, please advise the court upon receipt of this summons.

8.  If you are a prisoner in any municipal, county, state, or federal jail or prison, please advise the court upon receipt of this summons.

9.  You may be represented by an attorney, but are not required to have one. The magistrate's court will explain the procedure of the court and will help you prepare papers related to your action if you require such assistance. The court cannot, however, represent you or provide you with an attorney or give you any legal advice.

10. If you are a business and are going to be represented by a Non-Lawyer, a Non-Lawyer Authorization Form must be included with your Answer/Counterclaim. (See 33-1-103 SC Code of Laws)

MV25
SCCA/702 (Amended 12/2015)

**STATE OF SOUTH CAROLINA**              )        2025CV1810306381
**COUNTY OF DORCHESTER**                 )        CIVIL CASE NUMBER
                                         )        **IN THE MAGISTRATE'S COURT**
                                         )        **ANSWER**

**Nelson L. Bruce**
**144 Pavilion Street**
**Summerville, SC 29483**
**(843) 437-7901**

---

**PLAINTIFF(S)**
Vs
**Trans Union Llc, Registered Agent**
**Corporation Service Compan**
**508 Meeting Street**
**West Columbia, SC 29169**

---

**DEFENDANT(S)**

---

On _____ I was served with a Complaint requiring me to answer within thirty days from the date of service. My Answer, which is hereby filed with the **Summerville Magistrate,** is as follows:

CHECK ONE:

    A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)

_____

    B. ☐ I admit everything in the complaint and do not want a trial.

    C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____

_____
_____

    D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)

_____

### YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

DATED: _____        _____
                                              SIGNATURE OF DEFENDANT(S)  (OR ATTORNEY)
                                              **IF MORE THAN ONE DEFENDANT,  ALL MUST FILE ANSWER**

**PLEASE RETURN TO:**
**Summerville Magistrate**
**212 Deming Way, Box 10**
**Summerville, SC 29483**
**Phone: (843) 832-0370**
**Fax: (843) 832-0371**
**Email:**

MV2

OCT 30 2025 FILED

2025 CV 1810 306381
CIVIL CASE NUMBER

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) |
| COUNTY OF DORCHESTER | ) |
| | ) |
| Nelson L. Bruce | ) |
| PLAINTIFF(S) | ) |
| | ) |
| VS. | ) |
| | ) |
| TRANS UNION LLC, | ) |
| Registered   Agent   -   CORPORATION | |
| SERVICE COMPANY, 508 Meeting Street, | |
| West Columbia, SC 29169. | |
| DEFENDANT(S). | ) |

IN THE MAGISTRATE'S COURT

SUMMONS

TO THE DEFENDANT TRANS UNION, LLC.

YOU ARE SUMMONED and required to answer the allegations of the attached complaint and present any appropriate counterclaims/crossclaims to the attached Complaint within Thirty days from the first day after receipt of this summons.  Your answer must be received by the Magistrate's Court located at:

Summervill Magistrate

212 Deming Way, Box 10

Summerville, SC 29483

Phone: (843) 832-0370

Fax: (843) 832-0371

If you fail to answer within the prescribed time, a judgment by default may be rendered against you for the amount or other remedy requested in the attached complaint, plus interest and costs.  If you desire a jury trial, you must request one in writing at least five (5) working days prior to the date set for trial.  If no jury trial is timely requested, the matter will be heard and decided by the Judge.

Given under my hand, this _____ day of _____, _____.

SCCA/700 (Amended 12/2015)

_____
MAGISTRATE

OCT 30 2025 FILED

2025 CV 1810306381
CIVIL CASE NUMBER

STATE OF SOUTH CAROLINA           )
                                  )     IN THE MAGISTRATE'S COURT
COUNTY OF DORCHESTER              )
                                  )
Nelson L. Bruce                   )
_____PLAINTIFF    )
144 Pavilion Street               )
_____STREET ADDRESS         )
Summerville, SC 29483             )
_____CITY, STATE ZIP    )
843-437-7901                      )
_____TELEPHONE        )
              VS.                 )                    COMPLAINT
TRANS UNION LLC, Unknown Does 1-100, et al. )
_____DEFENDANT(S)       )
508 Meeting Street                )
_____STREET ADDRESS         )
West Columbia, South Carolina 29169 )
_____CITY, STATE ZIP    )
                                  )
_____             )
              TELEPHONE           )

I, Nelson L. Bruce, the plaintiff in this civil action do make the following claims:

　　　1.　　I believe the defendant, Chris Cartwright in their official capacity as CEO of Trans Union, LLC, is a resident of _____ County, and resides at _____ which is within Judge Russell A. DeMott's magisterial jurisdiction or this Complaint is properly filed in Dorchester County.

　　　2.　　I make this complaint on the following:

**Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681(b) et seq., as defined in Section 604, 15 U.S.C. § 1681q, 15 U.S.C. § 1681(a)(4) originally enacted by Public Law 91-508, Title VI (84 Stat. 1114), Aggravated Identity Theft 18 U.S.C. § 1028A, South Carolina Common Law Invasion Of Privacy Torts For Intrusion Upon Seclusion, and the Financial Identity Fraud and Identity Act known as the South Carolina Consumer Protection Code (SCCPC), S.C. Code Ann. § 37-20-180 et seq. See...Attachement** (Attach supplement if necessary)

　　　3.　　I believe, because of the above information, that I am entitled to and do request a judgment for $7,500 and/or other relief as below requested:

**See...attached Verified Complaint.**

including any costs resulting in this action.

　　　I certify under penalty of law that the above is correct and truthful, except those based on my information and belief.

SCCA/701 (Amended 05/08)

Dated: __10-30-2025__          _Nelson L. Bruce_____
                                Signature of Plaintiff (or his attorney)

OCT 30 2025 FILED

STATE OF SOUTH CAROLINA

COUNTY OF DORCHESTER

Nelson L. Bruce,

              Plaintiff,

    vs.

TRANS UNION LLC, Unknown Does 1-100, et al.,

              Defendant(s).

IN THE MAGISTRATE'S COURT

2025CV1810306387
CIVIL CASE NUMBER

**VERIFIED COMPLAINT**
(Trial by Jury Demanded)

## NATURE OF THE CLAIM:

Plaintiff, Nelson L. Bruce, hereby sues Defendant Trans Union LLC, and Unknown Does 1-100, for knowing, willful, and negligent acts in violation of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681(b) et seq., as defined in Section 604, 15 U.S.C. § 1681q, 15 U.S.C. § 1681(a)(4) originally enacted by Public Law 91-508, Title VI (84 Stat. 1114), Aggravated Identity Theft 18 U.S.C. § 1028A, South Carolina Common Law Invasion Of Privacy Torts For Intrusion Upon Seclusion**, and **the Financial Identity Fraud and Identity Act known as the South Carolina Consumer Protection Code (SCCPC), S.C. Code Ann. § 37-20-180 et seq.** Plaintiff respectfully sets forth, complains, and states as follows with his complaint the following:

## COMPLAINT

### I.    Introduction

This lawsuit is brought by the Plaintiff, Nelson L. Bruce, against Trans Union LLC, and unknown Does 1-100 et al. for violations of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.,**

originally enacted by **Public Law 91-508, Title VI (84 Stat. 1114), Aggravated Identity Theft,**
**Invasion of Privacy,** and the **Financial Identity Fraud and Identity Act known as the South**
**Carolina Consumer Protection Code (SCCPC), S.C. Code Ann. § 37-20-180 et seq.** The
Plaintiff seeks the maximum monetary damages in the amount of $7,500 which is the maximum
jurisdictional amount for this court.

## II.     Parties

1.  **Plaintiff:** Nelson L. Bruce is a consumer as defined by 15 U.S.C. § 1681a(c) and a
    resident of Summerville, South Carolina.

    **Defendant 1:** Trans Union LLC a person as defined under § 603 of the FCRA codified
    under 15 U.S.C. § 1681a(b) and 37-20-110(10) et seq. Trans Union LLC is registered
    with the South Carolina Secretary of State to do business in South Carolina and actively
    conducts business in this state by providing credit reporting and related services to
    individuals and entities in South Carolina, thus subjecting itself to personal jurisdiction
    under **South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803.** Trans Union
    LLC also has continuous and systematic contacts with South Carolina, rendering it
    subject to personal jurisdiction under both **general** and **specific jurisdiction doctrines.**
    At times, Trans Union LLC acts as a consumer reporting agency, and thus is familiar
    with the requirements of the Fair Credit Reporting Act (FCRA). By virtue of this, Trans
    Union LLC's actions in this case are willful, negligent, and reckless.  At all time and for
    the claims presented in this case, Trans Union, LLC was acting as a "person" as that term
    is defined under § 603 of the FCRA as codified under 15 U.S. Code § 1681a(b).

2.  **Defendant 2 (Unknown Doe 1-100):** Unknown Does are persons as defined under § 603
    of the FCRA codified under 15 U.S.C. § 1681a(b) and 37-20-110(10) et seq. Unknown

does maybe registered with the South Carolina Secretary of State to do business in South
Carolina and actively conducts business in this state by providing credit reporting and
related services to individuals and entities in South Carolina, thus subjecting itself to
personal jurisdiction under South Carolina's long-arm statute, S.C. Code Ann. § 36-2-
803. Unknown does may have continuous and systematic contacts with South Carolina,
rendering it subject to personal jurisdiction under both general and specific jurisdiction
doctrines.  At all times and for the claims presented in this case, Unknown Does was
acting as a "person" as that term is defined under § 603 of the FCRA as codified under 15
U.S. Code § 1681a(b)..

## III.    Jurisdiction and Venue

This court has jurisdiction to hear this claim based on the following grounds:

3.  **Personal Jurisdiction**: Trans Union LLC is registered to do business in South Carolina
    and conducts substantial business activities within the state, thereby subjecting itself to
    **personal jurisdiction** under **S.C. Code Ann. § 36-2-803** (South Carolina's long-arm
    statute). Trans Union LLC maintains systematic and continuous business contacts in
    South Carolina, including providing consumer credit reporting services, which renders it
    subject to both **general** and **specific jurisdiction** in South Carolina. Additionally, Trans
    Union's actions giving rise to this lawsuit occurred in connection with its business
    activities within the state of South Carolina and county of Dorchester, further establishing
    specific jurisdiction.

4.  **Subject Matter Jurisdiction**: This court has jurisdiction over claims for damages up to
    $7,500, as provided under **S.C. Code Ann. § 22-3-10**. Plaintiff's claim does not exceed

this amount, and thus, this court has subject matter jurisdiction. This court also has jurisdiction under the FCRA as codified under 15 U.S. Code § 1681p.

5. **Venue**: Venue is proper because the actions giving rise to these claims occurred within Dorchester County, and/or the defendant resides or conducts business in Dorchester County.

## IV.    Statement of Facts

6. Plaintiff obtained his consumer disclosure report from ChexSystems dated October 30, 2023 and noticed that on August 6, 2023, September 5, 2023 and October 5, 2023, Defendants, acting as a person under the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681a(b), obtained the Plaintiff's consumer report from **ChexSystems** without a permissible purpose, in violation of **Section 604 of the FCRA (15 U.S.C. § 1681b)**, and South Carolina law.

7. **ChexSystems** is a **nationwide specialty consumer reporting agency**, as defined under **15 U.S.C. § 1681a(f)** of the FCRA. ChexSystems regularly engages in the practice of assembling or evaluating consumer information for the purpose of furnishing consumer reports to third parties, particularly relating to consumer banking history. It is regulated under the same provisions of the FCRA that govern credit reporting agencies such as Trans Union, LLC.

8. **ChexSystems certified** that Trans Union LLC obtained Plaintiff's consumer report "on behalf of **CreditKarma**". However, when Plaintiff requested proof of written consent for the consumer report on or about April 26, 2024 that gave Trans Union, LLC consent to obtain plaintiff's consumer report from ChexSystems, Trans Union LLC failed to provide it.

9. Trans Union LLC used the Plaintiff's personal information which includes but is not limited to the Plaintiff's name, address, date of birth, and Social Security number or portions thereof, to obtain the Plaintiff's consumer report without the Plaintiff's written consent. The information obtained from the ChexSystems was allegedly done on behalf of Creditkarma however when plaintiff asked Trans Union to provide a copy of plaintiff's written consent giving them authority to obtain his ChexSystems consumer report on or about April 26, 2024, Trans Union LLC failed to provide this proof and had their counsel Kyle Pietrzak provide a copy of their general response to plaintiff by email on May 8, 2024 with a response dated May 6, 2024 further evidencing that they did not have any written consent from the plaintiff for the unauthorized inquiry, invasion of privacy on August 6, 2023, September 5, 2023 and October 5, 2023 because their 5/6/2024 response does not provide a permissible purpose for the referenced dates they obtained plaintiff's ChexSystems consumer report evidenced by the inquiry dates.

10. The General Response from Trans Union, LLC demonstrates that they are aware of the requirements of having a permissible purpose therefore their acts of obtaining plaintiff's consumer report was done knowingly, willfully and with neglect of the requirements of the FCRA and plaintiff's written consent requirement and without a permissible purpose.

11. **CreditKarma**, a third-party financial technology company, does not provide **ChexSystems** consumer reports as a service they offer to consumers as a part of their services. CreditKarma only provides information related to **Trans Union** and **Equifax consumer reports** for its users as they have stated to plaintiff. Therefore, CreditKarma would not have a legitimate business need, written consent from the consumer/plaintiff nor a permissible purpose for obtaining the Plaintiff's ChexSystems consumer report and

therefore any report allegedly obtained on their behalf is unauthorized and without the written consent of the plaintiff consumer.

12. Despite the lack of written consent and the information presented above, Trans Union accessed the Plaintiff's ChexSystems consumer report under the false pretense of acting "on behalf of CreditKarma", without any permissible purpose under the FCRA and or South Carolina law.

13. Trans Union LLC, although not acting in the capacity of a consumer reporting agency in this instance, is familiar with the requirements of the **FCRA** because it regularly operates as a consumer reporting agency. By virtue of this knowledge, Trans Union LLC's actions in this case was willful, negligent, and reckless.

14. The Plaintiff had not given written consent to Trans Union, CreditKarma, or ChexSystems to obtain, use, or distribute the Plaintiff's consumer report, as required by **Section 604 of the FCRA (15 U.S.C. § 1681b)** and South Carolina law.

15. By law, the FCRA, Trans Union is required to make a reasonable effort to verify the uses certified by such prospective user prior to furnishing such user a consumer report. Defendants failed to verify the uses certified by CreditKarma, failed to verify that CreditKarma would be using the consumer report to include in the consumers intuit credit karma account as required by 1681b.

16. Trans Union LLC ("Trans Union") obtains ChexSystems consumer report data from ChexSystems through an inquiry allegedly on "on behalf of Credit Karma." However, this consumer report information obtained from ChexSystems are never disclosed to consumers, in this case the plaintiff and included in their intuit Credit Karma Account. Such failure to include ChexSystems consumer report data in a consumers intuit Credit

Karma Account lacks a permissible purpose in violation of Section 604 of the FCRA (15 U.S.C. § 1681b), and South Carolina law.

17. There is no written consent given to Credit Karma, Intuit, Trans Union, or any third party under Credit Karma's Terms of Service ("TOS") to obtain a ChexSystems consumer report for the purposes they obtained it for.

18. Credit Karma's Terms of Service ("TOS"), Section 2.2 (**2.2 Specific Registration Consents**), states that:

"When you register as a member, you authorize us to create and maintain an account in your name using your account registration information and other information that may be collected about you in accordance with our Privacy Statement as part of providing our Services (collectively, such information is your "Intuit Account."). When registering, you authorize your wireless carrier to share your account device information with our third-party service provider, only to verify your identify and prevent fraud. By registering, you also specifically consent to let us request and receive your consumer report data, motor vehicle records, and other data about you from third parties to "**include in your Intuit Account**" Emphasis Added....

19. Plaintiff's Intuit/Credit Karma account shows no ChexSystems report, only TransUnion and Equifax consumer report data.

20. On July 19, 2024 (Member Support Case #14047169), Credit Karma told Plaintiff: "Credit Karma only obtains consumer credit reports directly from Trans Union and Equifax."

21. On April 17, 2025 (BBB response), Credit Karma stated: "Credit Karma has not requested your ChexSystems report. At this time, Credit Karma only requests and provides access to consumer credit reports from TransUnion and Equifax as part of the services we offer to our members. We do not request, access, or store ChexSystems reports as part of your Credit Karma account....ChexSystems data is not currently part of the information we request or display within Credit Karma accounts. If that ever changes

in the future, we will update our policies and notify our members accordingly." This language by itself confirms that the defendants did not have a permissible purpose for obtaining the ChexSystems reports referenced in this verified complaint.

22. On May 23, 2025 (BBB response), Credit Karma stated: "We do not authorize TransUnion or any third party to access ChexSystems reports on our behalf, nor do we access those reports ourselves."

23. The actions of Trans Union were done under **false pretenses**, in violation of **15 U.S.C. § 1681q as** CreditKarma when asked whether plaintiff gave them written consent to obtain his consumer report from Chexsystems and whether plaintiff gave them authorization to transfer any alleged written consent to any third parties such as Trans Union, has not provided any evidence that supports that they gave Trans Union the authority to request plaintiff's consumer report on their behalf nor have CreditKarma produced any written agreements signed by the plaintiff giving Creditkarma authority to transfer any permission to Trans Union to obtain his consumer report from Chexsystems which CreditKarma does not provide a consumer report for on their website, www.creditkarma.com. Section **1681q** makes it unlawful for any person to knowingly and willfully obtain information from a consumer reporting agency under false pretenses.

24. In addition to obtaining the consumer report under false pretenses, Trans Union violated the **invasion of privacy** provisions of the FCRA. The FCRA is intended to protect consumers' privacy rights when it comes to their financial and personal information, and any unauthorized access to a consumer's report constitutes an invasion of privacy (***Safeco Insurance Co. v. Burr,*** **551 U.S. 47 (2007)**).

25. **Aggravated Identity Theft**: Trans Union LLC, by using the Plaintiff's personal private identifying information such as **name, address, date of birth, and Social Security number**, to fraudulently obtain the Plaintiff's consumer report without written consent, committed aggravated identity theft. Under **18 U.S.C. § 1028A**, aggravated identity theft involves knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person during and in relation to any unlawful activity. The unauthorized use of my **name, address, date of birth, and Social Security number falls under aggravated identity theft.**

26. Trans Union's unauthorized access and misuse of the Plaintiff's consumer report also constitutes **identity theft** under the FCRA and **South Carolina law**. The FCRA's protections extend to preventing consumer identity theft by ensuring that consumer information is only used for legitimate and lawful purposes (see **Southeastern Freight Lines v. Jackson, 666 S.E.2d 646 (S.C. 2008)**).

27. The unauthorized access of the Plaintiff's consumer report has caused the Plaintiff harm, including emotional distress, concerns over identity theft, and unauthorized persons in possession of his personal private sensitive information utilizing his information without his written consent whenever they feel like it to invade his privacy.

28. The Defendant's actions were reckless, negligent, and willful, causing the Plaintiff to suffer damages.

## V.    Causes of Action

**COUNT I: Violation of the Fair Credit Reporting Act (FCRA), Section 604 (15 U.S.C. § 1681b), 15 U.S.C. § 1681q, 15 U.S.C. § 1681(a)(4), 15 U.S.C. § 1681n**

29. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

30. **FCRA (15 U.S.C. § 1681b):** Under **Section 604** of the Fair Credit Reporting Act, a consumer report may only be furnished for specific, permissible purposes, such as in response to a court order, for employment purposes, or with written consent. This provision was enacted as part of the **Fair Credit Reporting Act, Public Law 91-508, Title VI (84 Stat. 1114).**

31. **FCRA (15 U.S.C. § 1681q):** Trans Union LLC violated this section by obtaining Plaintiff's consumer report under false pretenses. This section makes it unlawful for any person to knowingly and willfully obtain a consumer report under false pretenses (see *United States v. Bormes*, 568 U.S. 6 (2012)).

32. **FCRA (15 U.S.C. § 1681n):** Provides for civil liability for willful noncompliance with the FCRA. A company that willfully fails to comply with the FCRA is liable for actual damages, statutory damages (up to $1,000 per violation), punitive damages, and attorney's fees.

33. **FCRA (15 U.S.C. § 1681(a)(4):** Trans Union LLC invaded plaintiff's privacy and trespassed by using his private personal information to obtain his consumer report from ChexSystems therefore violated Plaintiff's privacy rights by unlawfully accessing Plaintiff's consumer report under false pretenses and without any permissible purpose.

34. **15 U.S.C. § 1681n:** Plaintiff is entitled to actual, statutory, punitive damages, and attorney's fees if applicable.

**COUNT II: Knowing, Willful, and Negligent Violations of the SCCPC (S.C. Code Ann. § 37-20-180 et seq.)**

35. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

36. Defendants knowingly, willfully, and intentionally disclosed a consumer's **social security number** or a portion of it containing six digits or more to a third party without written consent to the disclosure from the consumer, as required under **S.C. Code Ann. § 37-20-180(6).**

37. As a result of Defendants' violations, Defendants are liable to Plaintiff for statutory damages under **S.C. Code Ann. § 37-20-200(A) & (B)**, along with, if applicable, attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law within three years from the date of discovery.

38. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined in this complaint.

39. As a result of Defendants' wrongful conduct and actions, Plaintiff has suffered concrete harm in the form of **mental and emotional distress**, anguish, and pain, caused by discovering that Trans Union is in possession of his personal and private information and is disseminating it to third parties without his written consent, creating inquiries without a permissible purpose.

**COUNT III: Aggravated Identity Theft, 18 U.S.C. § 1028A**

40. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;.

41. **Aggravated Identity Theft (18 U.S.C. § 1028A):** Trans Union LLC used the Plaintiff's personal identifying information, including the Plaintiff's **name, address, date of birth, and Social Security number**, without authorization, to fraudulently obtain the Plaintiff's consumer report and other sensitive private information from ChexSystems.

42. Under **18 U.S.C. § 1028A**, it is unlawful for any person to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person during and in relation to certain unlawful activities. By using the Plaintiff's information in this way, Trans Union committed aggravated identity theft.

43. As a result, the Plaintiff seeks recovery for the damages caused by Trans Union's unlawful actions, including emotional distress, reputational harm, and statutory damages under federal law.

## COUNT IV: SOUTH CAROLINA COMMON LAW INVASION OF PRIVACY TORTS FOR INTRUSION UPON SECLUSION

44. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

45. Under South Carolina common law, as recognized in *Meetze v. Associated Press,* **230 S.C. 330, 95 S.E.2d 606 (1956),** and *Snakenberg v. Hartford Casualty Insurance Co.,* **299 S.C. 164, 383 S.E.2d 2 (Ct. App. 1989),** intrusion upon seclusion is an actionable tort.

46. The Plaintiff had a reasonable expectation of privacy concerning their consumer report and personal financial sensitive information.

47. The unauthorized access of the Plaintiff's private sensitive information has caused the Plaintiff emotional distress, further fear of identity theft, unauthorized use of his personal private information to invade his privacy and or potential harm to his reputation and or creditworthiness.

48. Trans Union's unauthorized access and use of the Plaintiff's ChexSystems consumer reports on August 6, 2023, September 5, 2023 and October 5, 2023, without the Plaintiff's written consent, constitutes an intentional intrusion upon Plaintiff's seclusion.

49. By obtaining the Plaintiff's consumer report without authorization and under false pretenses, Trans Union committed an **intrusion upon the Plaintiff's seclusion**.

50. The matter intruded upon by Defendant was private as congress by passing the FCRA has made it clear that a consumer report and the information contained in the report is private and requires the consumers written consent to obtain as provided under 1681b et seq..

51. Defendant's intrusion has caused Plaintiff to suffer serious mental injury, anguish and emotional distress as obtaining private sensitive information and using plaintiff's personal private sensitive information anytime they feel like it without the plaintiff's written consent and or permission causing serious mental injury, anguish and emotional distress.

52. As a result, the Plaintiff seeks damages for the invasion of privacy as Plaintiff has suffered damages and injures as presented in this entire complaint.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

53. A **declaration and injunction** against Defendants, their successors, assigns, affiliates, and partners, both known and unknown, pursuant to **S.C. Code Ann. § 37-20-200(D)**, to restrain all parties from future acts constituting a violation of this chapter.

54. **Statutory damages** in the amount of $500 per incident, per violation, per inquiry pursuant to **S.C. Code Ann. § 37-20-200(A) & (B)** if applicable.

55. For purposes of **default judgment**, Plaintiff seeks $7,500 in damages related to the claims in this case.

56. Statutory damages of $1,000 incident, per violation, per inquiry pursuant to **15 U.S.C. § 1681n(a)(1)** for each section of the FCRA that defendants violated.

57. Should state claim for damages not be applicable, Punitive damages of $1,500 per incident, per violation, per inquiry. If applicable Punitive damages of $1,000 per incident, per violation, per inquiry or an amount to be determined by the jury pursuant to **15 U.S.C. § 1681n(a)(2)** not to exceed the jurisdictional amount of the court.

58. **Costs of litigation** and attorney's fees if applicable, pursuant to **15 U.S.C. § 1681n(a)(3)** and **15 U.S.C. § 1681o(a)(2)** against Defendants for each incident of willfulness, negligent noncompliance with the FCRA and other applicable laws.

59. Costs of litigation pursuant to **15 U.S.C. § 1681n(a)(3)** and, or **15 U.S.C. § 1681o(a)(2)** against Defendants for each incident of willfulness, negligent noncompliance with the FCRA and other applicable laws not to exceed the jurisdictional amount of the court.

60. This matter is for damages in the maximum amount of this court, a total of $7,500 for all violation presented in this matter.

## V.    TRIAL BY JURY DEMANDED

Plaintiff hereby respectfully demands a trial by jury for all claims and issues of

controversy in this complaint to which Plaintiff is entitled to a trial by jury. Pursuant to the

Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to,

and hereby demands, a trial by jury.

Dated this 30th day of October, 2025.

RESPECTFULLY PRESENTED,

_____

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
P.O. Box 3345, Summerville, SC 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## VERIFICATION

I, Nelson L. Bruce, and the plaintiff in this case and hereby have reviewed this entire

verified complaint and hereby certify and verify that the statement of facts presented in this

verified complaint are true and correct to the best of my personal knowledge and information.

Dated this 30th day of October, 2025.


RESPECTFULLY PRESENTED,

_____ *Nelson L. Bruce*
Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion St., Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

9589 0710 5270 0418 4255 08

quadient
FIRST-CLASS MAIL
IMI
$008.02 ⁰
12/18/2025  ZIP 29483
043M31243069

US POSTAGE

**DORCHESTER COUNTY**
**MAGISTRATES COURT**
Troy G. Knight Judicial Bldg.
Box 10, 212 Deming Way
Summerville, South Carolina 29483

Trans Union LLC, Registered Agent
508 meeting Street
West Columbia, SC 29169