**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00319-BHH-MGB |
| | ) | |
| TRANS UNION LLC and | ) | |
| UNKNOWN Does 1-100, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

### I.    INTRODUCTION

Defendant consumer reporting agency Trans Union, LLC ("Trans Union"), by counsel, hereby submits its Response In Opposition to Plaintiff's Motion to Remand (the "Motion"). The Motion should be denied and in support thereof, Trans Union respectfully shows the court as follows:

### II.    FACTS

On October 30, 2025, Plaintiff commenced this litigation in the Magistrate Court in the State of South Carolina, County of Dorchester by filing a Verified Complaint (the "Complaint") and Summons. The Complaint purports to allege claims arising under the Fair Credit Reporting Act ("FCRA"). *See generally* Compl.  In his Complaint, Plaintiff claims that Trans Union accessed Plaintiff's ChexSystems consumer report without his permission. *Id.* at ¶ 6. Plaintiff also makes claims of mental and emotional distress, actual harm, aggravated identity theft under 18 U.S.C. § 1028A, and invasion of privacy for intrusion upon seclusion. *Id.*

1

On January 29, 2026, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Trans Union timely filed a Notice of Removal (the "Removal") from the Magistrate Court in the State of South Carolina, County of Dorchester to the United States District Court for the District of South Carolina, Charleston Division. [Dkt. 1]. On February 6, 2026, Plaintiff filed the Motion seeking to remand to the Magistrate court [Dkt. 8]. Plaintiff incorrectly claims that this court lacks Article III standing yet as discussed further below. While Trans Union denies each and every claim asserted by Plaintiff, at this stage, Plaintiff makes claims under federal law, alleges concrete harm, and makes several allegations, all of which are sufficient to meet Article III standing. The Motion is frivolous and should be denied and Trans Union's fees in responding to the Motion should be awarded as a sanction.

III.    ARGUMENT

A. Plaintiff Alleges Claims Under a Federal Statute, The Fair Credit Reporting Act and 18 U.S.C. § 1028A, And, Therefore, This Court Has Jurisdiction Over His Claims.

Plaintiff, in his Complaint, brings FCRA claims and Aggravated Identity Theft claims under 18 U.S.C. § 1028A and alleges, inter alia, that Trans Union violated the FCRA by obtaining his ChexSystem consumer report without his written consent. Compl. ¶¶ 6-28. Federal-question jurisdiction—enables federal courts to decide cases founded on federal law. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26, 145 S. Ct. 41, 47, 220 L. Ed. 2d 289 (2025). The determination of jurisdiction is based only on the allegations in the plaintiff's "well-pleaded complaint"—not on any issue the defendant may raise. *Id*. "If a complaint includes the requisite federal question, a federal court often has power to decide state-law questions too." *Id*. In determining whether such jurisdiction exists, a court must "look to the 'face of the complaint'" and ask whether it is "'drawn so as to claim a right to recover under the Constitution and laws of

the United States'[.]" *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citation omitted).

Plaintiff incorrectly maintains that "venue" is proper in the Magistrate court because "the actions giving rise to the claims occurred within Dorchester County. Compl. ¶ 5. However, that is not enough to keep the case in the Magistrate court. Further, Plaintiff is also alleging violations of a federal statute. Therefore, Trans Union is entitled to remove the case to federal court since Plaintiff alleges violation of a federal statute. A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003).

Moreover, the general removal statute, 28 U.S.C. § 1441(a), provides that "any civil action" over which a federal court would have original jurisdiction may be removed to federal court by "the defendant or the defendants." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437, 139 S. Ct. 1743, 1745, 204 L. Ed. 2d 34 (2019). The court also has supplemental jurisdiction over any state law claims asserted by Plaintiff. 28 U.S.C. § 1367.

Here, Plaintiff brings claims under *two* federal questions, the FCRA and Aggravated Identity Theft, yet somehow mistakenly believes that this Court does not have jurisdiction over his claims. In fact, Plaintiff's Motion fails to address the federal question element. Plaintiff fails to provide sufficient evidence as to why this case should be remanded to the Magistrate court and incorrectly applies the law. For these reasons, Plaintiff's Motion should be denied.

**B. Plaintiff Alleges Reputational Harm, Concrete Harm, Dissemination of Private Information, and Emotional Distress All Held To Be Sufficient For Article III Standing.**

In his Motion, Plaintiff incorrectly claims that there is a "serious question" regarding whether the allegations he makes in his Complaint meet the Article III standing. Motion ¶ 6. However, there is no question regarding standing, and case law is clear on the issue. In his Complaint, Plaintiff claims that "as a result of Defendants' wrongful conduct and actions, Plaintiff has suffered *concrete* harm . . . caused by discovering that Trans Union is in possession of his personal and private information and *is disseminating* it to third parties without his written consent." Compl. ¶ 39. (Emphasis added). In his Motion, Plaintiff claims that his Complaint emphasizes "risk of misuse of information." Motion ¶ 16. This suggests that Plaintiff does in fact believe that his information was disseminated to a third party and fears the "misuse of information." Further, Plaintiff himself is alleging concrete harm. Moreover, in *Ramirez*, the Supreme Court held that "consumers whose credit reports containing alerts were disseminated to third-party businesses suffered a concrete injury in fact, as required for Article III standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021). While Trans Union denies each and every claim asserted by Plaintiff, Plaintiff makes allegations in his Complaint regarding Trans Union obtaining his ChexSystems consumer report without a permissible purpose and disseminating his personal and private information without his written consent, giving this Court subject matter jurisdiction over Plaintiff's claims.

Further, Plaintiff alleges "emotional distress, reputational harm, and statutory damages under federal law." Compl. ¶ 43. It is nonsensical that Plaintiff is claiming actual and statutory damages under federal law yet somehow believes that the federal court is not the appropriate court to hear his case. Courts have consistently held that emotional distress and reputational harm to be

4

sufficient claims to meet Article III standing. *See e.g. Moore v. Blibaum & Assocs., P.A.*, 693 F. App'x 205, 206 (4th Cir. 2017) (satisfying Article III standing requirements, under the FDCPA, when plaintiff pled ongoing suffering from "emotional distress, anger, and frustration" as a result of demands of improper amounts of payment); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 240 (4th Cir. 2009) (finding damages recoverable based on emotional distress when plaintiff "presented evidence that her mental distress manifested itself as headaches, sleeplessness, skin acne, upset stomach, and hair loss[,]"); *Wilson v. Carrington Mortg., S.E.,* No. 222CV03595BHHMHC, 2023 WL 7536168, at *5 (D.S.C. Oct. 23, 2023), *report and recommendation adopted,* No. 2:22-CV-3595-BHH, 2023 WL 7534932 (D.S.C. Nov. 13, 2023) (holding that Plaintiff satisfied the injury-in-fact requirement and did have Article III standing when she alleged humiliation and mental distress); *Burns v. Trans Union, LLC*, No. 4:18-cv-03120-MGL, 2019 WL 3890833, at *3 (D.S.C. Aug. 19, 2019) (finding allegations that plaintiff "experienced both credit and emotional damages, undue stress, and anxiety" establishes "the injury in fact requirement" because "the threat of harm bad credit imposes is cognizable and does actually exist"); *Diamond v. Equifax Info. Servs., LLC,* No. CV 3:21-547-CMC, 2021 WL 12395147, at *3 (D.S.C. Aug. 17, 2021) (holding that Plaintiff sufficiently alleged that she suffered "the type of harm Congress sought to prevent" when making emotional distress allegations.).

### C. Plaintiff Alleges Invasion of Privacy and Intrusion Upon Seclusion, Both Held To Be Sufficient For Article III Standing.

In his Complaint, Plaintiff alleges invasion of privacy and intrusion upon seclusion. Compl. ¶ 45- 52. In his Motion, Plaintiff mistakenly cites to *Ramirez* and states that intangible harms do not necessarily qualify as "concrete" for Article III purposes. Motion ¶ 14. However, courts have consistently held that intangible harms can also be concrete and satisfy Article III standing. For an injury to be "concrete," the "injury must be 'de facto'; that is, it must actually exist." *Jermaine*

5

*Billie, Plaintiff, v. Credence Res. Mgmt., LLC, Defendant.*, No. 2:25-CV-00861-BHH-MGB, 2025 WL 4072654, at *5 (D.S.C. Oct. 15, 2025). Traditional tangible injuries, like physical harm and monetary harm, are the most obvious. But intangible injuries can also be concrete. *Fernandez v. RentGrow, Inc.,* 116 F.4th 288, 295 (4th Cir. 2024). An injury in fact is not required to be tangible. *Wilson v. Carrington Mortg., S.E.,* No. 222CV03595BHHMHC, 2023 WL 7536168, at *5 (D.S.C. Oct. 23, 2023), *report and recommendation adopted,* No. 2:22-CV-3595-BHH, 2023 WL 7534932 (D.S.C. Nov. 13, 2023).

Moreover, Plaintiff claims invasion of privacy and intrusion upon seclusion, both of which have been determined by the Supreme Court in *Ramirez* to be concrete harms. In *Ramirez*, the court noted that "various intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts. Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion." (citations omitted). *TransUnion LLC v. Ramirez,* 594 U.S. 413, 425, 141 S. Ct. 2190, 2204, 210 L. Ed. 2d 568 (2021). Relying on *Ramirez*, the Court in *Garey* found standing because "[p]laintiffs' alleged harms are closely related to the invasion of privacy, which has long provided a basis for recovery at common law." *Garey v. James S. Farrin, P.C.,* 35 F.4th 917, 921 (4th Cir. 2022). *See e.g. Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.,* No. 25-1411, 2025 WL 1249608, at *30 (4th Cir. Apr. 30, 2025) (Reputational harms, disclosure of private information, and intrusion upon seclusion are intangible harms that can also be concrete.); *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733 (2008) (disclosure of private information); *Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.), *cert. denied*, 141 S.Ct. 2552 (2021) (intrusion upon seclusion); *see also Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 653 (4th Cir. 2019) ("Intrusions upon personal

6

privacy were recognized in tort law and redressable through private litigation."). The case law is clear, and this case is no different, as such, Plaintiff's Motion should be denied.

## IV.     CONCLUSION

WHEREFORE, Defendant Trans Union, by counsel, hereby respectfully requests the Court deny Plaintiff's Petition to Remand, and award Trans Union such other and further relief as the court deems appropriate.

Respectfully submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
*Counsel for Defendant Trans Union LLC*

Dated: February 26, 2026

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 26th of February 2026, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system.

I further certify that a true and correct copy of the above and foregoing was sent via United

States First Class Mail to the following:

Nelson L. Bruce
144 Pavilion Street
Summerville, SC  29483
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

8