IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:26-cv-00319-BHH-MGB |
| TRANS UNION LLC and UNKNOWN Does 1-100, | ) ) ) ) |
|       Defendant. | ) ) |

**DEFENDANT TRANS UNION LLC'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Trans Union LLC ("Trans Union") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves this Court to dismiss Plaintiff Nelson Bruce's ("Plaintiff") Complaint with prejudice. Trans Union submits the following memorandum in support of its Motion to Dismiss (the "Motion"). The Motion should be granted in this case where *pro se* Plaintiff claims that Trans Union violated the Fair Credit Reporting Act ("FCRA") and various state laws by allegedly obtaining Plaintiff's consumer report from ChexSystems because Plaintiff's claims are barred by the doctrine of res judicata.

## I.     BACKGROUND

On December 18, 2024, Plaintiff filed an earlier lawsuit in the Magistrate Court of Dorchester County, South Carolina, Case No. 24CV1810306501 ("2024 Case").[1] In the 2024 Complaint against Trans Union, which is virtually identical to the Complaint in this case, Plaintiff alleged that Trans Union violated the FCRA and various state laws by allegedly obtaining Plaintiff's consumer report

---

[1] This Court can take judicial notice of Plaintiff's cases filed in Magistrate Court of Dorchester County and the pleadings filed therein without converting Trans Union's Motion to a motion for summary judgment under Rule 56. *See Bryant v. Wells Fargo Bank, Nat. Ass'n*, 861 F. Supp. 2d 646, 665 (E.D.N.C. 2012) (citations omitted).

1

from ChexSystems. A true and correct copy of Plaintiff's 1st Amended Complaint filed in the 2024 Case is attached hereto as Exhibit 1-A.[2] Plaintiff alleged that when he reviewed his consumer disclosure from ChexSystems on October 30, 2023, he noticed that Trans Union had allegedly obtained his consumer report from ChexSystems on July 8, 2023. *Id*. at ¶ 6. As Exhibit A to the 2024 Complaint, Plaintiff attached a redacted copy of his October 30, 2023 ChexSystems consumer disclosure, purporting to show inquiries by Trans Union, on behalf of Credit Karma, in May, June, and July 2023. *Id*. at Ex. A. However, Plaintiff redacted the inquiries for the other months shown on the ChexSystems disclosure. *Id*.

On December 5, 2025, during settlement negotiations in the 2024 Case, Plaintiff made it clear that he was aware of "19 total inquiries to date," and to leverage a settlement position, threatened to pursue them in a serial fashion by filing a separate lawsuit on each individual inquiry:

> To be clear, I have multiple additional inquiries (19 total inquiries to date) to give rise to separate, stand-alone violations, and I fully intend to pursue those matters individually unless Trans Union seeks to resolve them collectively.

A true and correct copy of Plaintiff's email correspondence dated December 5, 2025, to counsel for Trans Union in the 2024 Case is attached hereto as Exhibit 1-B.

When settlement negotiations proved unsuccessful, on December 5, 2025, shortly before trial, Trans Union served an Offer of Judgement on Plaintiff in the amount of $7,500.00 pursuant to South Carolina Magistrate Court Rule 20. A true and correct copy of Trans Union's Offer of Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-C. The Offer of Judgment stated in part "[t]he judgment entered in accordance with this Offer of Judgment is to be in total settlement of ***any and all claims and causes of action*** by Plaintiff against Trans Union. *Id*. (emphasis added). Plaintiff was clearly put on notice that the Offer of Judgment was inclusive of any and all

---

[2] *See:* Declaration of Wilbur E. Johnson attached hereto as Exhibit 1.

2

claims and causes of actions by Plaintiff against Trans Union. Importantly, the Offer of Judgment did not contain any language that limited the res judicata or issue preclusion effect of accepting the offer.

On December 7, 2025, Plaintiff purported to "conditionally accept" Trans Union's Offer of Judgment by serving his own Proposed Stipulated Judgment. A true and correct copy of Plaintiff's Proposed Stipulated Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-D. Plaintiffs' Proposed Stipulated Judgment purported to exclude certain claims and provided that it "shall have no claim or issue-preclusive effect." *Id*.

On December 10, 2025, served his Notice of Acceptance of Defendant Trans Union LLC's Offer of Judgment and Motion for Entry of Judgment ("Notice of Acceptance"). A true and correct copy of Plaintiff's Notice of Acceptance served and filed in the 2024 Case is attached hereto as Exhibit 1-E. Plaintiff's Notice expressly stated that "Plaintiff accepts Defendant Trans Union LLC's Offer of Judgment … inclusive of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees, as stated in Defendant's Offer of Judgment, in full satisfaction of the claims asserted in this action only." Plaintiff's Notice of Acceptance asked for judgment "in the amount of $7,500.00 pursuant to the accepted Offer of Judgment." *Id*. Importantly, Plaintiff's Notice of Acceptance did not contain any language that limited the res judicata or issue preclusion effect of accepting the Offer of Judgment.

On December 22, 2025, the Magistrate Court entered judgment in favor of Plaintiff in the amount of $7,500.00. A true and correct copy of the Magistrate Court's Satisfaction of Final Judgment entered in the 2024 Case is attached hereto as Exhibit 1-F. On February 24, 2026, Trans Union filed its Notice of Satisfaction of Judgment with the Magistrate Court. A true and correct copy of Trans Union's Notice of Satisfaction of Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-G.

On October 30, 2025, Plaintiff filed this action in the Magistrate Court of Dorchester County with a virtually identical Complaint to the one filed in the 2024 Case, again asserting the same causes of action, based on the same alleged series of transactions. *See* ECF No. 1-1, pp. 9-24. This case was removed to this court on January 29, 2026. *Id*. The only difference between the 2024 Case and this case is that this case is based on allegations that Trans Union violated the FCRA and various state laws when it obtained Plaintiff's consumer report from ChexSystems on August 6, 2023, September 5, 2023, and October 5, 2023, which plaintiff allegedly discovered when reviewing his ChexSystems consumer disclosure on October 30, 2023. *See* ECF No. 1-1, p. 12, ¶ 6. Plaintiff now brings claims against Trans Union he has known about since at least October 30, 2023, but he strategically chose not to pursue such claims in the 2024 Case before taking the 2024 Case to judgment by accepting the terms of Trans Union's Offer of Judgment. Plaintiff's Complaint in this case should be dismissed with prejudice because Plaintiff's claims are barred by the doctrine of res judicata.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level*.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

"Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). Res judicata may be a basis for dismissal under Federal Rule of Civil Procedure

12(b)(6). *Toney v. LaSalle Bank Nat'l Ass'n*, 896 F.Supp.2d 455, 464 (D.S.C. 2012) ("[R]es judicata or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)") *Wattleton v. Atl. Acceptance Corp.*, No. 6:24-CV-4827-BHH-WSB, 2025 WL 1839020 (D.S.C. June 23, 2025), *report and recommendation adopted*, No. 6:24-CV-4827-BHH, 2025 WL 2052131 (D.S.C. July 22, 2025) (citing *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006)).

### III. ARGUMENTS AND AUTHORITIES

**A.  Plaintiff's Claims Are Barred Under The Res Judicata Doctrine.**

Plaintiff's Complaint should be dismissed with prejudice because his claims are barred by the doctrine of *res judicata*. In South Carolina, "[r]es judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Judy v. Judy*, 712 S.E.2d 408, 414 (S.C. 2011) (citation omitted). "Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Id*. (citation omitted). "Res judicata's fundamental purpose is to ensure that no one should be twice sued for the same cause of action." *S.C. Pub. Int. Found. v. Greenville Cnty.,* 737 S.E.2d 502, 507 (S.C. Ct. App. 2013) (citation omitted). "Res judicata bars a second suit where there is (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the first suit." *Yelsen Land Co., Inc. v. State*, 723 S.E.2d 592, 596 (S.C. 2012).

The case law is clear. Plaintiff cannot pick and choose which claims to bring when they all arise out of the same occurrence or series of occurrences. When Plaintiff filed the 2024 Case, he attached a ChexSystems consumer disclosure from October 30, 2023. This means that any inquiries from August, September and October 2023 would have shown on the October consumer disclosure. In fact, Plaintiff even alleges that he became aware of the alleged inquiries at issue in this case by reviewing his October 30, 2023 ChexSystems disclosure. *See* ECF No. 1-1, p. 12, ¶ 6.

5

Plaintiff clearly chose to piecemeal his claims against Trans Union when he had knowledge of the claims all along. As such, Plaintiff's conduct should be put to an end, and he should not be allowed to bring repetitive claims against Trans Union regarding the same alleged series of transactions. "Res judicata ends litigation, promotes judicial economy and avoids the harassment of relitigation of the same issues." *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 108 (1999).

Further, the requirements set by the court in *Yelsen Land Co., Inc,* are all satisfied here. Res judicata bars a second suit here because it is between the same parties, regarding the same subject matter, and the first suit has been adjudicated. Plaintiff was fully aware of the claims he is now attempting to pursue at the time he filed the 2024 Case. Plaintiff had the opportunity to bring all of the claims that existed at the time, and he chose not to, therefore, this serves as a bar to his serial litigation strategy. Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979). A judgment entered on a party's acceptance of an offer of judgment, will give rise to res judicata. *See Nasser Asr v. Hansen*, No. 3:20-CV-141-MOC-DCK, 2020 WL 6875153, at *4 (W.D.N.C. Nov. 23, 2020) (applying North Carolina law), *aff'd sub nom. Asr v. Eady-Williams*, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022); *Williams v. New Century Investigations, Inc.,* No. 2005-UP-237, 2005 WL 7083703, at *2–3 (S.C. Ct. App. Apr. 6, 2005).

For these reasons, Plaintiff's Complaint should be dismissed with prejudice. *See Frank v. Gen. Elec. Cap. Corp.*, No. CIV. 09-1892 DSD/SRN, 2010 WL 411132 (D. Minn. Jan. 28, 2010) (Finding that a debtor's FCRA claims are barred by the doctrine of res judicata because the debtor had a full and fair opportunity to litigate his claims in his first lawsuit and therefore his subsequent lawsuit was barred by res judicata.). Plaintiff's litigation strategy is crystal clear, which is to

piecemeal his claims against Trans Union, rather than bring his claims forward in their entirety, in hopes of collecting thousands of dollars from Trans Union. For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

### B. Amendment Would Be Futile

Any attempt by Plaintiff to amend his Complaint would be futile. Accordingly, leave to amend should not be granted. *See In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005).

### IV. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

                Respectfully submitted,

                *s/ Wilbur E. Johnson*
                Wilbur E. Johnson, Esquire
                wjohnson@ycrlaw.com
                Federal ID No.: 2212
                Clement Rivers, LLP
                25 Calhoun Street, Suite 400
                Charleston, SC 29401
                Telephone: (843) 724-6659
                Facsimile:  (843) 579-1332
                *Counsel for Defendant Trans Union LLC*

Dated:  February 26, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th of February 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I further certify that a true and correct copy of the above and foregoing was sent via United States First Class Mail to the following:

Nelson L. Bruce
144 Pavillion Street
Summerville, SC 29483
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

8