# Exhibit 1

**Declaration of Wilbur E. Johnson**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00319-BHH-MGB |
| | ) | |
| TRANS UNION LLC and | ) | |
| UNKNOWN Does 1-100, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DECLARATION OF WILBUR E. JOHNSON</u>

I, Wilbur E Johnson, declare as follows:

1.　　　My name is Wilbur E Johnson. I am over twenty-one (21) years of age, am of sound mind, and I am fully competent to make this Declaration. The statements contained herein are based on my personal knowledge and are true and correct.

2.　　　I am the attorney of record for Defendant Trans Union LLC ("Trans Union") in the above referenced matter. I was also the attorney of record for Trans Union in Case No. 24CV1810306501 in the Magistrate Court of Dorchester County, South Carolina ("2024 Case").

3.　　　A true and correct copy of Plaintiff's 1st Amended Complaint filed in the 2024 Case is attached hereto as Exhibit 1-A.

4.　　　A true and correct copy of Plaintiff's email correspondence dated December 5, 2025, to counsel for Trans Union in the 2024 Case is attached hereto as Exhibit 1-B.

5.　　　A true and correct copy of Trans Union's Offer of Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-C.

6.　　　A true and correct copy of Plaintiff's Proposed Stipulated Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-D.

7.     A true and correct copy of Plaintiff's Notice of Acceptance served and filed in the 2024 Case is attached hereto as Exhibit 1-E.

8.     A true and correct copy of the Magistrate Court's Satisfaction of Final Judgment entered in the 2024 Case is attached hereto as Exhibit 1-F.

9.     A true and correct copy of Trans Union's Notice of Satisfaction of Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-G.

10.    A true and correct copy of the court's docket sheet from Case No. 24CV1810306501 in the Magistrate Court of Dorchester County is attached hereto as Exhibit 1-H.

I declare under penalty of perjury that the foregoing statements are true and correct.

*s/ Wilbur E. Johnson*
Wilbur E. Johnson

Dated: <u>February 26, 2026</u>

# Exhibit 1-A

## Plaintiff's First Amended Complaint

**STATE OF SOUTH CAROLINA**

**COUNTY OF DORCHESTER**

)
)
)
)
)
)

**2024CV1810306501**
CIVIL CASE NUMBER

**IN THE MAGISTRATE'S COURT**

**SUMMONS TO AMENDED COMPLAINT**

Nelson L. Bruce
144 Pavilion Street
Summerville, SC 29483
(843) 437-7901
**PLAINTIFF(S)**

**Vs**

Chris Cartwright Ceo Of Trans Union Llc,
Doe Insurance
508 Meeting Street
West Columbia, SC 29169
**DEFENDANT(S)**

### TO THE DEFENDANT(S) NAMED ABOVE:

**YOU ARE SUMMONED** and required to Answer the allegations and present any appropriate

Counterclaims/Crossclaims to the attached Amended Complaint within THIRTY days from the first day after

receipt of this Summons. Your Answer must be received by the:

**Summerville Magistrate**
**212 Deming Way, Box 10**
**Summerville, SC 29483**
**Phone: (843) 832-0370**
**Fax: (843) 832-0371**

If you fail to Answer within the prescribed time, a Judgment by Default will be rendered against you for the

amount or other remedy requested in the attached Complaint, plus interest and costs. **If you desire a jury trial,**

**you must request one within five (5) days before the date of trial.** If no jury trial is timely requested, the

matter will be heard and decided by the Judge.

Given under my hand:

Judge Russell A. DeMott

_____
**JUDGE**

# READ ATTACHED INSTRUCTIONS CAREFULLY

December 20, 2024

MV208

**STATE OF SOUTH CAROLINA**          )                    **2024CV1810306501**
                                     )                    CIVIL CASE NUMBER
**COUNTY OF Dorchester**             )
                                     )          **IN THE MAGISTRATE'S COURT**
                                     )          **ANSWER TO AMENDED COMPLAINT**

Nelson L. Bruce
**144 Pavilion Street**
**Summerville, SC 29483**
**(843) 437-7901**
            **PLAINTIFF(S)**
Vs
**Chris Cartwright Ceo Of Trans Union**
**Llc, Doe Insurance**
**508 Meeting Street**
**West Columbia, SC 29169**
            **DEFENDANT(S)**

_____

     **DEFENDANT ATTORNEY(S)**

On _____ I was served with an Amended Complaint requiring me to answer within thirty days from the date of service. My Answer which is hereby filed with the Summerville Magistrate, is as follows:

CHECK ONE:

     A. ☐ I contest the jurisdiction of the court based on the following: (use additional pages if necessary)

_____
_____

     B. ☐ I admit everything in the complaint and do not want a trial.

     C. ☐ I admit that I am responsible, but not for the total amount claimed by the Plaintiff(s) because: (use additional pages if necessary) _____
_____

     D. ☐ I deny that I am responsible at all because: (use additional pages if necessary)
_____
_____

## YOU MUST FILE THIS DOCUMENT WITH THE COURT WITHIN THIRTY DAYS

THE DEFENDANT/PLAINTIFF STATES THAT THE INFORMATION CONTAINED IN THIS ANSWER IS TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE.

_____          _____
DATED                                    SIGNATURE OF DEFENDANT(S) (OR ATTORNEY)

**\*\*IF MORE THAN ONE DEFENDANT, ALL MUST FILE ANSWER\*\***

PLEASE RETURN TO:
**Summerville Magistrate**
**212 Deming Way, Box 10**
**Summerville, SC 29483**
**Phone:  (843) 832-0370**
**Fax:  (843) 832-0371**

MV209

## INSTRUCTIONS FOR DEFENDANT

1. If you do not wish to oppose plaintiff's claim you may:
   a. Contact plaintiff and make an out-of-court settlement with the plaintiff before the trial date and file with the magistrate court a dismissal of the case signed by the plaintiff, or
   b. Make no answer to the complaint. In that case, the plaintiff will be given a default judgment against you in the amount specified in the complaint.

2. If you wish to oppose the claim:
   a. You must file an answer with the magistrate's court within the time limit specified in the summons. If you fail to answer within that time period, you lose your right to defend the case and the plaintiff may be given a default judgment against you in the amount specified in the complaint. Your answer may be made in writing in a form approved by the magistrate, or your answer may be made orally to the magistrate's court if you appear in person within the time limit specified in the summons.
   b. If you answer within the specified time, you will be notified of the time and date of the trial. You must maintain a correct mailing address with the court and you must appear for trial. Should you fail to appear, you lose your right to defend the case and the plaintiff may be given a default judgment against you in the amount specified in the complaint.
   c. At the time for trial you must bring with you all books, papers, witnesses, and evidence you have to establish your defense. You are required to comply with the South Carolina Rules of Evidence.
   d. At your request the court will issue a subpoena for any witness you may need (you must request the subpoena as soon as possible and before the trial date). There is a fee of $3.00 for the magistrate to prepare and mail a subpoena. If the subpoena is delivered by a deputy, there is an additional service fee of $8.00 that must be paid to the court. Further, you will be responsible to the witness for a fee of $25.00.

3. If you desire a jury trial, you must request one in writing at least **five** (5) working days prior to the date set for trial. If no jury trial is timely requested, the matter will be heard and decided by the magistrate.

4. If you have a claim against the plaintiff that grows out of the same transaction or occurrence as the plaintiff's claim, you may file a counterclaim. The counterclaim must be filed with the magistrate within the time limit specified in the summons for answering. The counterclaim must be made in writing in a form approved by the magistrate, or it may be made orally to the magistrate's court if you appear in person within the time limit specified in the summons. Your counterclaim will be tried at the same time as the plaintiff's claim if it does not exceed the jurisdiction of the magistrate to hear. If the counterclaim exceeds the magistrate's jurisdiction, the entire matter will be transferred to the circuit court.

5. If you have a claim against the plaintiff that does not grow out of the same occurrence or transaction as the plaintiff's claim, you may file a claim (complaint) against the plaintiff. This claim would be heard separate and apart from the plaintiff's claim against you.

6. If you are a member of the Armed Services of the United States, please advise the court upon receipt of this summons.

7. If you are under 18 years of age, please advise the court upon receipt of this summons.

8. If you are a prisoner in any municipal, county, state, or federal jail or prison, please advise the court upon receipt of this summons.

9. You may be represented by an attorney, but are not required to have one. The magistrate's court will explain the procedure of the court and will help you prepare papers related to your action if you require such assistance. The court cannot, however, represent you or provide you with an attorney or give you any legal advice.

10. If you are a business and are going to be represented by a Non-Lawyer, a Non-Lawyer Authorization Form must be included with your Answer/Counterclaim. (See 33-1-103 SC Code of Laws)

MV25
SCCA/702 (Amended 12/2015)

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE MAGISTRATE'S COURT** |
| **COUNTY OF DORCHESTER** | |
| Nelson L. Bruce, | **2024CV1810306501** |
| Plaintiff, | CIVIL CASE NUMBER |
| vs. | |
| Chris Cartwright, in their official capacity as CEO of TRANS UNION LLC, Unknown Doe Insurance Company as Insurer for TRANS UNION LLC, Unknown Does 1-100, et al., | **1ST AMENDED COMPLAINT** (Trial by Jury Demanded) |
| Defendant(s). | **DEC 19 2024** |

### NATURE OF THE CLAIM:

Plaintiff, Nelson L. Bruce, hereby amends this complaint to clearly address the capacities of the defendants referenced in this case to which are being sued so that it is clear and to avoid any presumptions of individual liability. Plaintiff is also amending this complaint to correct the inquiry date for the violations claimed in this case. Plaintiff hereby sues Defendant Chris Cartwright in their official capacity as CEO of Trans Union LLC, and Unknown Doe Insurance Company as insurer for Trans Union, LLC for knowing, willful, and negligent acts in violation of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681(b) et seq., as defined in Section 604, 15 U.S.C. § 1681q, 15 U.S.C. § 1681(a)(4)** originally enacted by **Public Law 91-508, Title VI (84 Stat. 1114), Aggravated Identity Theft 18 U.S.C. § 1028A, South Carolina Common Law Invasion Of Privacy Torts For Intrusion Upon Seclusion**, and **the Financial Identity Fraud and Identity Act known as the South Carolina Consumer Protection Code (SCCPC), S.C. Code Ann. § 37-20-180 et seq.** Plaintiff respectfully sets forth, complains, and states as follows with his complaint the following:

# COMPLAINT

## I.    Introduction

This lawsuit is brought by the Plaintiff, Nelson L. Bruce, against Chris Cartwright in their official capacity as CEO of Trans Union LLC, Unknown Doe Insurance Company as insurer for Trans Union LLC, and unknown Does 1-100 et al. for violations of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.**, originally enacted by **Public Law 91-508, Title VI (84 Stat. 1114), Aggravated Identity Theft, Invasion of Privacy**, and the **Financial Identity Fraud and Identity Act known as the South Carolina Consumer Protection Code (SCCPC), S.C. Code Ann. § 37-20-180 et seq.** The Plaintiff seeks the maximum monetary damages in the amount of $7,500 which is the maximum jurisdictional amount for this court.

## II.    Parties

1.  **Plaintiff**: Nelson L. Bruce is a consumer as defined by 15 U.S.C. § 1681a(c) and a resident of Summerville, South Carolina.

    **Defendant 1:** Chris Cartwright in their official capacity as CEO of Trans Union LLC a person as defined under § 603 of the FCRA codified under 15 U.S.C. § 1681a(b) and 37-20-110(10) et seq. who is a managing member of Trans Union, LLC who is also a person as defined under **§ 603 of the FCRA** codified under **15 U.S.C. § 1681a(b)** and **37-20-110(10) et seq.** Trans Union LLC is registered with the South Carolina Secretary of State to do business in South Carolina and actively conducts business in this state by providing credit reporting and related services to individuals and entities in South Carolina, thus subjecting itself to personal jurisdiction under **South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803**. Trans Union LLC also has continuous and systematic contacts with South Carolina, rendering it subject to personal jurisdiction under both **general** and

**specific jurisdiction doctrines**. At times, Trans Union LLC acts as a consumer reporting agency, and thus is familiar with the requirements of the Fair Credit Reporting Act (FCRA). By virtue of this, Trans Union LLC's actions in this case are willful, negligent, and reckless. At all time and for the claims presented in this case, Trans Union, LLC was acting as a "person" as that term is defined under § 603 of the FCRA as codified under 15 U.S. Code § 1681a(b).

2. **Defendant 2 (Unknown Doe Insurance Company)**: Unknown Doe Insurance Company as insurer for Trans Union LLC and is responsible for covering claims related to Trans Union's actions and practices.

## III.    Jurisdiction and Venue

This court has jurisdiction to hear this claim based on the following grounds:

3. **Personal Jurisdiction**: Trans Union LLC is registered to do business in South Carolina and conducts substantial business activities within the state, thereby subjecting itself to **personal jurisdiction** under **S.C. Code Ann. § 36-2-803** (South Carolina's long-arm statute). Trans Union LLC maintains systematic and continuous business contacts in South Carolina, including providing consumer credit reporting services, which renders it subject to both **general** and **specific jurisdiction** in South Carolina. Additionally, Trans Union's actions giving rise to this lawsuit occurred in connection with its business activities within the state of South Carolina and county of Dorchester, further establishing specific jurisdiction.

4. **Subject Matter Jurisdiction**: This court has jurisdiction over claims for damages up to $7,500, as provided under **S.C. Code Ann. § 22-3-10**. Plaintiff's claim does not exceed

this amount, and thus, this court has subject matter jurisdiction. This court also has jurisdiction under the FCRA as codified under 15 U.S. Code § 1681p.

5. **Venue**: Venue is proper because the actions giving rise to these claims occurred within Dorchester County, and/or the defendant resides or conducts business in Dorchester County.

## IV.    Statement of Facts

6. Plaintiff obtained his consumer disclosure report from ChexSystems dated October 30, 2023 and noticed that on July 8, 2023 (07/08/2023), Trans Union LLC, acting as a person under the **Fair Credit Reporting Act (FCRA)**, 15 U.S.C. § 1681a(b), obtained the Plaintiff's consumer report from **ChexSystems** without a permissible purpose, in violation of **Section 604 of the FCRA (15 U.S.C. § 1681b)**, and South Carolina law (**see...Exhibit A**).

7. **ChexSystems** is a **nationwide specialty consumer reporting agency**, as defined under **15 U.S.C. § 1681a(f)** of the FCRA. ChexSystems regularly engages in the practice of assembling or evaluating consumer information for the purpose of furnishing consumer reports to third parties, particularly relating to consumer banking history. It is regulated under the same provisions of the FCRA that govern credit reporting agencies such as Trans Union, LLC.

8. **ChexSystems certified** that Trans Union LLC obtained Plaintiff's consumer report "on behalf of **CreditKarma**". However, when Plaintiff requested proof of written consent for the consumer report on or about April 26, 2024 that gave Trans Union, LLC consent to obtain plaintiff's consumer report from ChexSystems, Trans Union LLC failed to provide it.

9. Trans Union LLC used the Plaintiff's personal information which includes but is not
   limited to the Plaintiff's name, address, date of birth, and Social Security number or
   portions thereof, to obtain the Plaintiff's consumer report without the Plaintiff's written
   consent. The information obtained from the ChexSystems was allegedly done on behalf
   of Creditkarma however when plaintiff asked Trans Union to provide a copy of plaintiff's
   written consent giving them authority to obtain his ChexSystems consumer report on or
   about April 26, 2024, Trans Union LLC failed to provide this proof and had their counsel
   Kyle Pietrzak provide a copy of their general response to plaintiff by email on May 8,
   2024 with a response dated May 6, 2024 **(See...Exhibit B)** further evidencing that they
   did not have any written consent from the plaintiff for the unauthorized inquiry, invasion
   of privacy on 07/08/2023 because their 5/6/2024 response does not provide a permissible
   purpose for the 07/08/2023 inquiry obtaining plaintiff's ChexSystems consumer report
   evidenced by the inquiry.

10. The General Response from Trans Union, LLC demonstrates that they are aware of the
    requirements of having a permissible purpose therefore their acts of obtaining plaintiff's
    consumer report was done knowingly, willfully and with neglect of the requirements of
    the FCRA and plaintiff's written consent requirement and without a permissible purpose.

11. **CreditKarma**, a third-party financial technology company, does not provide
    **ChexSystems** consumer reports as a service they offer to consumers as a part of their
    services. CreditKarma only provides information related to **Trans Union** and **Equifax**
    **consumer reports** for its users as they have stated to plaintiff. Therefore, CreditKarma
    would not have a legitimate business need, written consent from the consumer/plaintiff
    nor a permissible purpose for obtaining the Plaintiff's ChexSystems consumer report and

therefore any report allegedly obtained on their behalf is unauthorized and without the written consent of the plaintiff consumer.

12. Despite the lack of written consent and the information presented above, Trans Union accessed the Plaintiff's ChexSystems consumer report under the false pretense of acting "on behalf of CreditKarma", without any permissible purpose under the FCRA and or South Carolina law.

13. Trans Union LLC, although not acting in the capacity of a consumer reporting agency in this instance, is familiar with the requirements of the **FCRA** because it regularly operates as a consumer reporting agency. By virtue of this knowledge, Trans Union LLC's actions in this case was willful, negligent, and reckless.

14. The Plaintiff had not given written consent to Trans Union, CreditKarma, or ChexSystems to obtain, use, or distribute the Plaintiff's consumer report, as required by **Section 604 of the FCRA (15 U.S.C. § 1681b)** and South Carolina law.

15. The actions of Trans Union were done under **false pretenses**, in violation of **15 U.S.C. § 1681q as** CreditKarma when asked whether plaintiff gave them written consent to obtain his consumer report from Chexsystems and whether plaintiff gave them authorization to transfer any alleged written consent to any third parties such as Trans Union, has not provided any evidence that supports that they gave Trans Union the authority to request plaintiff's consumer report on their behalf nor have CreditKarma produced any written agreements signed by the plaintiff giving Creditkarma authority to transfer any permission to Trans Union to obtain his consumer report from Chexsystems which CreditKarma does not provide a consumer report for on their website,

www.creditkarma.com. Section **1681q** makes it unlawful for any person to knowingly and willfully obtain information from a consumer reporting agency under false pretenses.

16. In addition to obtaining the consumer report under false pretenses, Trans Union violated the **invasion of privacy** provisions of the FCRA. The FCRA is intended to protect consumers' privacy rights when it comes to their financial and personal information, and any unauthorized access to a consumer's report constitutes an invasion of privacy (***Safeco Insurance Co. v. Burr***, **551 U.S. 47 (2007)**).

17. **Aggravated Identity Theft**: Trans Union LLC, by using the Plaintiff's personal private identifying information such as **name, address, date of birth, and Social Security number**, to fraudulently obtain the Plaintiff's consumer report without written consent, committed aggravated identity theft. Under **18 U.S.C. § 1028A**, aggravated identity theft involves knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person during and in relation to any unlawful activity. The unauthorized use of my **name, address, date of birth, and Social Security number falls under aggravated identity theft.**

18. Trans Union's unauthorized access and misuse of the Plaintiff's consumer report also constitutes **identity theft** under the FCRA and **South Carolina law**. The FCRA's protections extend to preventing consumer identity theft by ensuring that consumer information is only used for legitimate and lawful purposes (**see *Southeastern Freight Lines v. Jackson*, 666 S.E.2d 646 (S.C. 2008)**).

19. The unauthorized access of the Plaintiff's consumer report has caused the Plaintiff harm, including emotional distress, concerns over identity theft, and unauthorized persons in

possession of his personal private sensitive information utilizing his information without his written consent whenever they feel like it to invade his privacy.

20. The Defendant's actions were reckless, negligent, and willful, causing the Plaintiff to suffer damages.

## V.    Causes of Action

### COUNT I: Violation of the Fair Credit Reporting Act (FCRA), Section 604 (15 U.S.C. § 1681b), 15 U.S.C. § 1681q, 15 U.S.C. § 1681(a)(4), 15 U.S.C. § 1681n

21. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

22. **FCRA (15 U.S.C. § 1681b)**: Under **Section 604** of the Fair Credit Reporting Act, a consumer report may only be furnished for specific, permissible purposes, such as in response to a court order, for employment purposes, or with written consent. This provision was enacted as part of the **Fair Credit Reporting Act, Public Law 91-508, Title VI (84 Stat. 1114)**.

23. **FCRA (15 U.S.C. § 1681q)**: Trans Union LLC violated this section by obtaining Plaintiff's consumer report under false pretenses. This section makes it unlawful for any person to knowingly and willfully obtain a consumer report under false pretenses (see **United States v. Bormes, 568 U.S. 6 (2012)**).

24. **FCRA (15 U.S.C. § 1681n)**: Provides for civil liability for willful noncompliance with the FCRA. A company that willfully fails to comply with the FCRA is liable for actual damages, statutory damages (up to $1,000 per violation), punitive damages, and attorney's fees.

25. **FCRA (15 U.S.C. § 1681(a)(4):** Trans Union LLC invaded plaintiff's privacy and trespassed by using his private personal information to obtain his consumer report from ChexSystems therefore violated Plaintiff's privacy rights by unlawfully accessing Plaintiff's consumer report under false pretenses and without any permissible purpose.

26. **15 U.S.C. § 1681n:** Plaintiff is entitled to actual, statutory, punitive damages, and attorney's fees if applicable.

### COUNT II: Knowing, Willful, and Negligent Violations of the SCCPC (S.C. Code Ann. § 37-20-180 et seq.)

27. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

28. Defendants knowingly, willfully, and intentionally disclosed a consumer's **social security number** or a portion of it containing six digits or more to a third party without written consent to the disclosure from the consumer, as required under **S.C. Code Ann. § 37-20-180(6).**

29. As a result of Defendants' violations, Defendants are liable to Plaintiff for statutory damages under **S.C. Code Ann. § 37-20-200(A) & (B)**, along with, if applicable, attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law within three years from the date of discovery.

30. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined in this complaint.

31. As a result of Defendants' wrongful conduct and actions, Plaintiff has suffered concrete harm in the form of **mental and emotional distress**, anguish, and pain, caused by discovering that Trans Union is in possession of his personal and private information and is disseminating it to third parties without his written consent, creating inquiries without a permissible purpose.

### COUNT III: Aggravated Identity Theft, 18 U.S.C. § 1028A

32. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;.

33. **Aggravated Identity Theft (18 U.S.C. § 1028A)**: Trans Union LLC used the Plaintiff's personal identifying information, including the Plaintiff's **name, address, date of birth, and Social Security number**, without authorization, to fraudulently obtain the Plaintiff's consumer report and other sensitive private information from ChexSystems.

34. Under **18 U.S.C. § 1028A**, it is unlawful for any person to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person during and in relation to certain unlawful activities. By using the Plaintiff's information in this way, Trans Union committed aggravated identity theft.

35. As a result, the Plaintiff seeks recovery for the damages caused by Trans Union's unlawful actions, including emotional distress, reputational harm, and statutory damages under federal law.

### COUNT IV: SOUTH CAROLINA COMMON LAW INVASION OF PRIVACY TORTS FOR INTRUSION UPON SECLUSION

36. Plaintiff incorporates by reference the statements presented in this entire Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

37. Under South Carolina common law, as recognized in *Meetze v. Associated Press,* **230 S.C. 330, 95 S.E.2d 606 (1956),** and *Snakenberg v. Hartford Casualty Insurance Co.,* **299 S.C. 164, 383 S.E.2d 2 (Ct. App. 1989),** intrusion upon seclusion is an actionable tort.

38. The Plaintiff had a reasonable expectation of privacy concerning their consumer report and personal financial sensitive information.

39. The unauthorized access of the Plaintiff's private sensitive information has caused the Plaintiff emotional distress, further fear of identity theft, unauthorized use of his personal private information to invade his privacy and or potential harm to his reputation and or creditworthiness.

40. Trans Union's unauthorized access and use of the Plaintiff's ChexSystems consumer report on 07/08/2023, without the Plaintiff's written consent, constitutes an intentional intrusion upon Plaintiff's seclusion.

41. By obtaining the Plaintiff's consumer report without authorization and under false pretenses, Trans Union committed an **intrusion upon the Plaintiff's seclusion**.

42. The matter intruded upon by Defendant was private as congress by passing the FCRA has made it clear that a consumer report and the information contained in the report is private and requires the consumers written consent to obtain as provided under 1681b et seq..

43. Defendant's intrusion has caused Plaintiff to suffer serious mental injury, anguish and emotional distress as obtaining private sensitive information and using plaintiff's

personal private sensitive information anytime they feel like it without the plaintiff's

written consent and or permission causing serious mental injury, anguish and emotional

distress.

44. As a result, the Plaintiff seeks damages for the invasion of privacy as Plaintiff has

suffered damages and injures as presented in this entire complaint.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

45. A **declaration and injunction** against Defendants, their successors, assigns, affiliates,

and partners, both known and unknown, pursuant to **S.C. Code Ann. § 37-20-200(D)**, to

restrain all parties from future acts constituting a violation of this chapter.

46. **Statutory damages** pursuant to **S.C. Code Ann. § 37-20-200(A) & (B)** if applicable.

47. For purposes of **default judgment**, Plaintiff seeks $7,500 in damages related to the

claims in this case.

48. Statutory damages of $1,000 pursuant to **15 U.S.C. § 1681n(a)(1)** for each section of the

FCRA that defendants violated.

49. Punitive damages to be determined by the jury pursuant to **15 U.S.C. § 1681n(a)(2)**.

50. **Costs of litigation** and attorney's fees if applicable, pursuant to **15 U.S.C. § 1681n(a)(3)**

and **15 U.S.C. § 1681o(a)(2)** against Defendants for each incident of willfulness,

negligent noncompliance with the FCRA and other applicable laws.

51. Damages in the maximum amount of this court which is $7,500.

## V.    TRIAL BY JURY DEMANDED

Plaintiff hereby respectfully demands a trial by jury for all claims and issues of

controversy in this complaint to which Plaintiff is entitled to a trial by jury. Pursuant to the

Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury. **Dated this _18th_ day of December, 2024.**

RESPECTFULLY PRESENTED,

_Nelson L. Bruce_

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
P.O. Box 3345, Summerville, SC 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by

emailed and will be placed in the mail to be served to the party listed below via the: UNITED

STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via First Class Mail.

Dated this 18th day of December, 2024.

**SENT TO:**
Quilling Selander Lownds Winslett and Moser PC
Attn: Kyle Pietrzak
6900 N Dallas Parkway, Suite 800
Plano, TX 75024
*Attorney for Chris Cartwright in their official capacity as CEO of Trans Union LLC*


_____

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
P.O. Box 3345, Summerville, SC 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# EXHIBIT A

Chex Systems, Inc.
Attn: Consumer Relations
PO Box 583399
Minneapolis, MN 55458
www.chexsystems.com
Toll Free:
800-513-7125

**ChexSystems®**

000219 D29271L0103023217918 000000 000263 005

10/30/2023
Visit www.chexsystems.com to access
the secure consumer portal.

NELSON LEON BRUCE
P O BOX 3345
SUMMERVILLE SC 29484

## Visit www.chexsystems.com/additional-education-information for more information and resources for consumers.

## Consumer ID 25136870 for NELSON LEON BRUCE

This report was prepared using the identifiers provided by you. Please provide your Consumer ID number along with your name and Social Security number in any future contact with Chex Systems, Inc.

## Personal Information

This section displays personal information you have provided to ChexSystems. This could include information such as names, date of birth, addresses, phone numbers and email addresses.

**Names:** NELSON LEON BRUCE;

**Addresses:**
P O BOX 3345 SUMMERVILLE, SC 29484
144 PAVILION STREET SUMMERVILLE, SC 29483

**Phone Numbers:** 843.437.7901;

**Date of Birth:**
09/28/1982

## Security Freeze Record

In any future contact regarding your Security Freeze, you will be required to provide your personal identification number (PIN).



**Name on Freeze:** NELSON LEON BRUCE     XXX-XX-7185     **Status:** CURRENTLY ON FILE

## Reported Information

ChexSystems' clients, which consist mainly of financial institutions, furnish information on closed checking and savings accounts, referred to as reported information. ChexSystems' current practice is to retain reported information for a period of five years. The source is under no obligation to remove accurate information, even if paid, but is obligated to update the report with a paid in full or settled in full status and date when applicable.

**ChexSystems**®





**Inquirer:** TRANSUNION LLC; 555 W ADAMS ST, CHICAGO, IL 60661
**Phone Number:** 800.916.8800

**On Behalf Of:** CREDIT KARMA; 1100 BROADWAY SUITE 1800, OAKLAND, CA 94607
**Phone Number:** 415.692.5722

**Inquiry Date:** 07/08/2023          **SSN/ID Provided:** XXX-XX-7185
**Name Provided:** NELSON L BRUCE
**Address Provided:** PO BOX 3345
SUMMERVILLE SC 29484-3345

**Inquirer:** TRANSUNION LLC; 555 W ADAMS ST, CHICAGO, IL 60661
**Phone Number:** 800.916.8800

**On Behalf Of:** CREDIT KARMA; 1100 BROADWAY SUITE 1800, OAKLAND, CA 94607
**Phone Number:** 415.692.5722

**Inquiry Date:** 06/05/2023          **SSN/ID Provided:** XXX-XX-7185
**Name Provided:** NELSON L BRUCE
**Address Provided:** PO BOX 3345
SUMMERVILLE SC 29484-3345

**Inquirer:** TRANSUNION LLC; 555 W ADAMS ST, CHICAGO, IL 60661
**Phone Number:** 800.916.8800

**On Behalf Of:** CREDIT KARMA; 1100 BROADWAY SUITE 1800, OAKLAND, CA 94607
**Phone Number:** 415.692.5722

**Inquiry Date:** 05/06/2023          **SSN/ID Provided:** XXX-XX-7185
**Name Provided:** NELSON L BRUCE
**Address Provided:** PO BOX 3345
SUMMERVILLE SC 29484-3345

**Inquirer:** TRANSUNION LLC; 555 W ADAMS ST, CHICAGO, IL 60661
**Phone Number:** 800.916.8800

**On Behalf Of:** CREDIT KARMA; 1100 BROADWAY SUITE 1800, OAKLAND, CA 94607
**Phone Number:** 415.692.5722

00000219-002-005-T29271L010302321791B-LETTER01-00-0-00000263

# EXHIBIT B

***334959402-456***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

File Number:     334959402
Page:            1 of 1
Date Issued:     5/6/2024

 TransUnion

P-1000035-
NELSON LEON BRUCE
PO BOX 3345
SUMMERVILLE, SC 29484-3345

We appreciate you taking the time to contact us at TransUnion. Our goal is to maintain complete and accurate credit information. It's our commitment to you.

**Ref: Explanation of the Inquiries on Your Credit Report**

You recently contacted TransUnion regarding an inquiry. An inquiry is posted on your TransUnion credit report to notify you that a company has received your credit information from TransUnion. Companies can only obtain such a credit report for a legitimate reason (referred to as a "permissible purpose"). Examples of a permissible purpose include credit transactions, employment consideration, review or collection of an existing account or other legitimate business need, insurance underwriting, government licensing, rental application or court order. Inquiries remain on your credit report for up to two (2) years.

Each company that received your credit report will be listed in the inquiry section of your TransUnion personal credit report, along with their contact information. Please note, a company doesn't always need your authorization to receive your credit report as long as they have a permissible purpose. Please also note, some types of inquiries, such as promotional inquiries or account review inquiries are disclosed only to you.

If you think an inquiry was made without a permissible purpose, we strongly encourage you to reach out to the company who received your credit report to find out whether they have opened an account in your name. The company can then investigate and, if they determine that someone fraudulently applied for credit in your name, they can close that account and contact TransUnion requesting removal of the inquiry. If you have specific information that the inquiry was made fraudulently, or does not relate to you, you can also call us at 800-680-7289.

We're here to help. Should you have any further questions please contact us at:
- www.transunion.com
- (800) 916-8800
- P.O. Box 2000
Chester, PA 19016-2000

Please have your file number ready 334959402.

# Exhibit 1-B

**Plaintiff's Email December 5, 2025**

| | |
|---|---|
| **From:** | Leon <leonbruce81@yahoo.com> |
| **Sent:** | Friday, December 5, 2025 1:52 PM |
| **To:** | Alexandria Epps |
| **Cc:** | Amy Gonzalez |
| **Subject:** | Re: [EXTERNAL] - Re: Nelson L. Bruce v. Chris Cartwright CEO of Trans Union, LLC, Doe Insurance - Case No. 2024CV1810306501 |



Good Afternoon Alexandria,

I understand TransUnion's position regarding its desire for a comprehensive release; however, as I previously explained, the standard agreement provided is not applicable to the issues in this matter. The form you sent is structured for account- or tradeline-related disputes and contains broad waivers that extend far beyond the specific inquiry at issue in this case.

A settlement agreement must be beneficial and equitable to the party being asked to sign it. As it stands, the standard terms you propose would require me to waive rights to numerous separate and independent claims arising from unrelated inquiries. I cannot accept terms that extinguish rights far beyond the subject of this lawsuit.

To be clear, I have multiple additional inquiries (19 total inquiries to date) that give rise to separate, standalone violations, and I fully intend to pursue those matters individually unless TransUnion seeks to resolve them collectively. Accepting your standard terms in this single-inquiry case would not be beneficial to me, nor would it reflect the reality that there are multiple independent violations at issue.

If TransUnion is genuinely interested in preventing additional claims from being brought in a legal forum, then I hereby make a global counteroffer. I am willing to release all claims not already before the court from the date of the inquiry at issue in this case through the date of execution of the agreement for a total settlement amount of **$57,000.00 which I am a little negotiable on.**

This offer reflects the fact that the remaining inquiries constitute separate incidents and separate violations, and a global resolution must address them accordingly. Should TransUnion be willing to resolve all matters on this basis, I am prepared to review a revised agreement. Otherwise, I will proceed with litigation on the remaining claims as well.

Thank you,

**Nelson L. Bruce**


------------

We opted out of any attempt by you to contract by electronic communication unless specifically agreed upon!
Best regards, Leon Bruce
Direct Line: 843-437-7901  Private Correspondence to intended party from: Leon Bruce
also known as Nelson
leonbruce81@yahoo.com
Confidentiality Notice: "All Rights Reserved - Without Prejudice - Without Recourse -
Non-Assumpsit Errors & Omissions Excepted"

Notice of Confidentiality - This message and any files or attachments transmitted with it are
CONFIDENTIAL and intended only for the addressee(s) only. Both the email message and
any attachments have been transmitted based on a reasonable expectation of privacy. Any
disclosure, distribution, copying, or use of this information by anyone other than the
intended recipient, regardless of address or routing, is strictly prohibited. If you are not the
named addressee, you must not use, disclose, disseminate, distribute, copy, print or reply
to this email. Access to this document by any other person or entity is unauthorized. Any
actions contrary to the intent of this
NOTICE confirms that you accept liability for a minimum $500,000.00 civil penalty. "All
rights are reserved."


NOTICE: For this PRIVATE-EMAIL is without the subjection of the monitoring. I, the living
man, am fully aware that any/all claims made concerning a CROWN CORPORATION
OWNED NAME is, in fact, an admission of FRAUD where FALSE IMPERSONATION is
concerned and is a CAPITAL CRIME to do so. This private email message, including any
attachment(s) is limited to the
sole use of the intended recipient and may contain Privileged and/or Confidential
Information.  Any and All Political, Private or Public Entities, Federal, State, or Local
Corporate Government(s),
Municipality(ies), International Organizations, Corporation(s),
agent(s), investigator(s), or informant(s), et. al., and/or Third
Party(ies) working in collusion by collecting and/or monitoring My email(s),and any other
means of spying and collecting these Communications Without my Exclusive Permission
are Barred from Any and All Unauthorized Review, Use, Disclosure or Distribution.  With
Explicit Reservation of All My Rights, Without Prejudice and Without Recourse to Me. Any
omission does not constitute a waiver of any and/or ALL
Intellectual Property Rights or Reserved Rights U.C.C.1-207/1-308, 1-103.6.

ARBITRATION CLAUSE: The intended party and non-intended party mutually agree not to use, disclose, disseminate, distribute, copy, or print this email without the authorized consent of the individual sending the email.This constitutes an agreement of all interested parties in this email and acceptance through silence/failure to reject this Arbitration Clause within 48 hours from receipt (where and such silence and or failure equates action('s) to act('s), conduct, performance, forbearance, inaction, equating to assent) documenting the parties consent (whether directly and/or indirectly related, third party, interested party and/or otherwise) agreeing to settle any and all disputes by arbitration. The intended party and/or non-intended party mutually agree to pay a fee of $500,000 per disclosure, dissemination, distribution, coping, and printing of this email without the authorized consent of the individual sending the email to Nelson L. Bruce (A.K.A. Leon Bruce).  This entire agreement is governed under the Federal Arbitration Act ("FAA") and this agreement expires on December 31, 2114.  In accordance with and pursuant to this agreement; a

to the parties to this email or who the parties represent agree and affirm under penalty of contempt that they will not argue, controvert, oppose, or otherwise protest any claims related to this agreement in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States, the state supreme court, the U.S. Supreme Court, the district court, or any other venue the party bring the claim may determine. Should the court and or arbitrator alleged that a signature of both parties is required to be binding, it is mutually agreed, consented to and assented by the parties to this agreement that my electronic communication constitutes as my signature agreeing to this agreement by the failure to reject the arbitration clause in the timeframe allowed. The parties agree that the policies and procedures of AAA (AMERICAN ARBITRATION ASSOCIATION) whereas a designated arbitrator shall be chosen at random, who is duly authorized or any other arbitration association chosen by the claimant, and in the event of any physical or mental incapacity to act as arbitrator or to accept to be arbitrate the matter, the claimant shall retain the authority to select any neutral(s)/arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties, and with respects this agreement, the defaulting party waives any and all rights, services, notices, and consents to the undersigned and or the undersigned's representative selection of the arbitrator thereby constituting agreement, and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the arbitrator may hear and decide the controversy upon evidence produced, and not based on personal opinion, legalese, legal terminology, legal technicalities, statutes, codes, ordinances, regulations, but within the scope of this herein agreement according to its terms and conditions, and must do so even if and or although a party who was duly notified of the arbitration proceeding did not appear; that the Undersigned deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Undersigned deems appropriate. "All rights are reserved."
LEGAL NOTICE TO AGENTS IS LEGAL NOTICE TO PRINCIPALS.  LEGAL NOTICE TO PRINCIPALS IS LEGAL NOTICE TO AGENTS.

# Exhibit 1-C

**Trans Union's Offer of Judgment**

## IN THE MAGISTRATE'S COURT
## STATE OF SOUTH CAROLINA
## COUNTY OF DORCHESTER

NELSON L. BRUCE,                          )
                                          )
        Plaintiff,                    )
                                          )
v.                                        )          Case No.: 2024CV1810306501
                                          )
TRANS UNION LLC,              .           )
                                          )
        Defendant.                    )

## TRANS UNION LLC'S OFFER OF JUDGMENT

      Pursuant to South Carolina Magistrate Court Rule 20, Defendant Trans Union LLC ("Trans Union") hereby offers to allow judgment to be taken against it and in favor of Plaintiff in the above-referenced action (this "Offer of Judgment") as follows:

      1.    Judgment shall be entered in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) against Trans Union, *inclusive* of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees;

      2.    The judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims and causes of action by Plaintiff against Trans Union, and said judgment shall have no effect whatsoever except in settlement of those claims; and

      3.    This Offer of Judgment is made solely for the purposes specified in Rule 20 and acceptance of this Offer by Plaintiff shall not constitute a judgment on the merits of the claims against Trans Union, nor a finding of liability against Trans Union, and shall not be admissible as evidence in any trial or hearing. All liability is denied by Trans Union.

      If this Offer of Judgment is not accepted by Plaintiff within ten (10) days of service thereof, this Offer of Judgment shall be deemed withdrawn and any evidence of this Offer of Judgment will be inadmissible, except in any proceeding to recover costs or attorneys' fees.

1

Respectfully submitted,

Wilbur E. Johnson, SC Bar No. 3062
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
Fax: (843) 579-1332
wjohnson@ycrlaw.com
*Counsel for Trans Union LLC*

Date: December 5, 2025

2

# Exhibit 1-D

**Plaintiff's Proposed Stipulated Judgment**

**STATE OF SOUTH CAROLINA**

**COUNTY OF DORCHESTER**

Nelson L. Bruce,

                Plaintiff,

      vs.

TRANS UNION LLC,

             Defendant(s).

**IN THE MAGISTRATE'S COURT**

**<u>2024CV1810306501</u>**
CIVIL CASE NUMBER

**PLAINTIFF'S PETITION REGARDING DEFENDANT'S RULE 20 OFFER OF JUDGMENT AND TO PRECLUDE ANY FEE-SHIFTING OR SANCTIONS UNDER S.C. CODE § 15-35-400 (2005 ACT NO. 32, § 3)**

**INTRODUCTION**

        Defendant's Rule 20 offer of judgment used overbroad, ambiguous "any and all claims" wording to extract a general release beyond the claims and specific inquiry pled in this case. Plaintiff promptly served a short-form conditional acceptance counteroffer that accepted the amount but limited scope to the pleaded inquiry and date only. On December 8, 2025, Defendant denied that counteroffer. The record shows Defendant's objective was not to limit further damages or costs through a proper offer, but to engineer a waiver of claims outside this case. Under the South Carolina Offer-of-Judgment statute—2005 Act No. 32, § 3 (codified S.C. Code § 15-35-400)—(i) a rejected offer does not authorize attorney's-fee shifting to Defendant, and (ii) sanctions cannot flow from an invalid or overbroad offer that is not confined to the claim(s) in suit. The Court should therefore preclude any fee-shifting and deny any request for statutory cost/interest sanctions predicated on Defendant's defective offer.

**BACKGROUND (RECORD-PINNED)**

1. Defendant's Offer (Rule 20). On December 5, 2025 Defendant served a Rule 20 offer of judgment for $7,500.00, denying liability and stating the offer was "inclusive of all Plaintiff's claims, causes of action, interest, costs, and attorneys' fees" and that the judgment would constitute "total settlement of any and all claims and causes of action by Plaintiff against Trans Union." (See…Exhibit B-1 – Offer of Judgment).

2. Plaintiff's Counter (Conditional Acceptance Limited to Case/Inquiry). On December 7, 2025, Plaintiff served a conditional acceptance counteroffer accepting $7,500 only on terms limiting scope to "the claims asserted in Case No. 2024CV1810306501 as framed by the operative complaint and arising from the specific inquiry identified therein," expressly defining Resolved Claims (case/inquiry only) and Excluded Claims (other-date inquiries) and superseding Defendant's Paragraph 2. (See…Exhibit B-2).

3. Defendant's Denial. On December 8, 2025 at about 2:23 p.m., Defendant rejected Plaintiff's counteroffer. (Exhibit B-3)

4. Operative Pleading/Scope of Case. Plaintiff's operative 2nd amended verified complaint presents FCRA/state-law claims limited to the specific inquiry/date alleged, and seeks the court's jurisdictional maximum ($7,500.00).

## PRESUMPTION REBUTTALS

1. **Presumption 1.:** A Rule 20 offer that matches the ad damnum entitles Defendant to **attorney's fees** or other sanctions if rejected.

   **Fact (record-supported):** (i) Defendant's offer demanded a **global** settlement of "**any and all claims**" beyond this case; (ii) Plaintiff **accepted judgment and the amount** but limited scope to the **case/inquiry only**; (iii) Defendant **refused on 12/08/2025 evidenced by their rejections**.

   **Conclusion of Law (enactment reference):** Under **S.C. Code § 15-35-400**, enacted by **2005 Act No. 32, § 3**, the **exclusive** consequences of rejecting a qualifying offer are potential **court costs** and **8% interest adjustment** if the offeror later obtains a result at least as favorable **not attorney's fees**, absent a separate contract/statute.

   **Why Irrefutable:** The statute's remedial list is **exhaustive** as enacted; it **does not** shift defense **attorney's fees** for rejection.

2. **Presumption:** Defendant's offer was a valid "offer to allow judgment to be taken" on the **claims in suit**, so § 15-35-400 sanctions should attach.

   **Fact (record-supported):** Defendant's Paragraph 2 required "**total settlement of any and all claims**" by Plaintiff **against Trans Union**, untethered to the **case** or the **specific inquiry/date** pleaded; Plaintiff's counter accepted **only** if confined to the **case/inquiry**, which Defendant rejected on 12/08/2025.

**Conclusion of Law (enactment reference): § 15-35-400(A)** (2005 Act No. 32, § 3) permits an **offer to allow judgment to be taken** that is, entry of a **stipulated judgment** resolving the **claim(s) in the action**. An offer that conditions judgment upon a **general release** of **"any and all claims"** outside the suit is **not** a proper statutory offer directed to the pending **claim(s)** and cannot serve as a basis for statutory sanctions.

**Why Irrefutable:** The statute **authorizes judgment** on the **action's claim(s)**; it does not authorize a party to leverage fee/cost consequences using an offer that reaches **non-case claims** by global release language.

3. **Presumption 3:** Defendant offered judgment to **reduce further damages/costs**; therefore sanctions should flow upon rejection.

   **Fact (record-supported):** (i) Plaintiff **accepted** the amount and tendered case-limited terms; (ii) Defendant's **denial on 12/08/2025** shows Defendant's **objective** was to secure a **waiver** of **other-date** claims rather than to promptly resolve the **pending** case, the matter at hand to which judgment would be entered; (iii) the offer's ambiguity ("**any and all claims**") confirms the overreach and the rejection supports what their intent was.

   **Conclusion of Law (enactment reference):** The **consequences** in **§ 15-35-400(B)** attach only where a **statutory** offer is properly made and rejected; they do **not** operate to reward attempts to extract **non-case** waivers. **Attorney's fees** are not among the statute's consequences.

   **Why Irrefutable:** Defendant **chose** denial rather than accept the **case-limited** acceptance, confirming the offer's **purpose** was not to mitigate litigation exposure on the **pending claim(s)** but to obtain a **general release**; the statute neither authorizes that leverage nor shifts **attorney's fees** to Defendant.

4. **Presumption 4:** If this matter proceeds and Plaintiff recovers **less than $7,500**, Defendant will be entitled to **attorney's fees** because of its offer.

   **Fact (record-supported):** There is **no contract** in the record awarding Defendant **attorney's fees**; Defendant relies on **Rule 20** and **§ 15-35-400** only.

   **Conclusion of Law (enactment reference): § 15-35-400** (2005 Act No. 32, § 3) enumerates **court costs** and an **8% interest** adjustment **not** defense attorney's fees. Any fee-shifting must derive from a **separate, applicable statute** or **contract**, which is absent here.

   **Why Irrefutable:** The statute's enacted terms are **dispositive**; attorney's fees are **not** among them.

## ARGUMENT AND REQUESTED RELIEF

A. **Declare Defendant's Rule 20 Offer Non-Qualifying for Sanctions.** Because Defendant's offer required a **general release** of **non-case claims**, it was **not** an "offer to allow judgment to be taken" on the **claim(s) in this action** within the meaning of **§ 15-35-400(A)** (2005 Act No. 32, § 3). The Court should declare Defendant's offer **non-qualifying** and **preclude** any reliance on it for **cost/interest** sanctions under **§ 15-35-400(B)**.

B. **Preclude Any Attorney's-Fee Claim by Defendant.** The Court should hold that **no attorney's-fee shifting** is available to Defendant under **§ 15-35-400** and that Defendant's attempt to characterize its offer as cost-mitigating is refuted by its **12/08/2025 denial** of Plaintiff's case-limited acceptance.

C. **Alternatively, Recognize Plaintiff's Willingness to Resolve on Proper, Case-Limited Terms.** Plaintiff stands ready to accept entry of judgment for **$7,500** on the **case-limited** terms set out in **Exhibit B-2**. Defendant's denial evidences that its **intent** was to obtain a **waiver beyond this case**, not to reduce damages or costs in this action.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter an Order:

1. Declaring Defendant's Rule 20 offer non-qualifying under S.C. Code § 15-35-400 (2005 Act No. 32, § 3) for purposes of any sanctions;

2. Precluding Defendant from seeking or recovering attorney's fees premised on the offer or its rejection;

3. Precluding Defendant from invoking § 15-35-400(B) cost/interest consequences (fee shifting) based on its overbroad, non-case-limited offer; or, alternatively, finding that any such request would be inequitable in light of Defendant's 12/08/2025 denial of Plaintiff's case-limited acceptance; and

4. Granting such other and further relief as the Court deems just and proper in the sake of justice.

## PROPOSED EVIDENTIARY EXHIBITS

- **Exhibit B-1:** Defendant's Rule 20 Offer of Judgment.

- **Exhibit B-2:** Plaintiff's Short-Form Conditional Acceptance Counteroffer (case/inquiry-limited)

- **Exhibit B-3: Defendant's rejection of** Counteroffer

    **FINDINGS OF FACT AND CONCLUSIONS OF LAW (FOR ENTRY WITH ANY ORDER)**

**Findings of Fact**

1. Defendant's Rule 20 offer demanded **"total settlement of any and all claims"** by Plaintiff against Trans Union beyond the claims and dates pleaded in this action. Ex. B-1

2. Plaintiff countered by **accepting the amount** and **limiting scope** to the **claims in Case No. 2024CV1810306501** arising from the **specific inquiry/date** alleged in the 2nd amended complaint, expressly superseding Defendant's Paragraph 2. [Ex. B-2].

3. On **December 8, 2025 at about 2:23 p.m.**, Defendant **denied** Plaintiff's case-limited counteroffer. [Ex. B-3]

**Conclusions of Law (enactments only)**

A. **Offer-of-Judgment Statute: South Carolina Act No. 32 of 2005, § 3**, codified as **S.C. Code § 15-35-400**, governs offers to allow judgment and the **exclusive** consequences of non-acceptance (court **costs** and **8% interest** adjustment); it does **not** shift **attorney's fees** to a rejecting party.

B. An offer conditioned on a **general release** of **non-case claims** is **not** a proper **§ 15-35-400(A)** offer directed to the **claim(s)** in suit, pending in the current matter and cannot support **§ 15-35-400(B)** sanctions.

C. Because Defendant **denied** Plaintiff's **case-limited** acceptance on **12/08/2025**, the record demonstrates Defendant sought a **waiver beyond this case**, not to reduce damages or costs; any request for fee-shifting or sanctions must be **denied** under the enacted statute.

**Authorities Catalog**

- South Carolina Offer of Judgment: 2005 Act No. 32, § 3 (codified S.C. Code § 15-35-400).

- Fair Credit Reporting Act (for fee context, plaintiff-side fees): Act of Oct. 26, 1970, Pub. L. 91-508, 84 Stat. 1114; Title VI at 84 Stat. 1128 (FCRA).

**Dated this 9th day of December, 2025**

**Respectfully presented,**

*Nelson L. Bruce*

Nelson L. Bruce, Plaintiff
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## **CERTIFICATE OF SERVICE**

    I Nelson L. Bruce HEREBY CERTIFY that on the date specified below that a copy of the

attached notice was mailed to the defendant listed below by first-class mail and email.

**SENT TO:**

CLEMENT RIVERS LLP
Attention: Wilbur E. Johnson
25 Calhoun St. Suite 400
Charleston, SC 29401
***Counsel for Trans Union, LLC***

**Dated this 9ᵗʰ day of December, 2025**

RESPECTFULLY PRESENTED,

_Nelson L. Bruce_

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# EXHIBIT B-1

IN THE MAGISTRATE'S COURT
STATE OF SOUTH CAROLINA
COUNTY OF DORCHESTER

NELSON L. BRUCE,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )        Case No.:  2024CV1810306501
                                          )
TRANS UNION LLC,              .           )
                                          )
                    Defendant.            )

## TRANS UNION LLC'S OFFER OF JUDGMENT

Pursuant to South Carolina Magistrate Court Rule 20, Defendant Trans Union LLC ("Trans Union") hereby offers to allow judgment to be taken against it and in favor of Plaintiff in the above-referenced action (this "Offer of Judgment") as follows:

1.     Judgment shall be entered in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) against Trans Union, *inclusive* of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees;

2.     The judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims and causes of action by Plaintiff against Trans Union, and said judgment shall have no effect whatsoever except in settlement of those claims; and

3.     This Offer of Judgment is made solely for the purposes specified in Rule 20 and acceptance of this Offer by Plaintiff shall not constitute a judgment on the merits of the claims against Trans Union, nor a finding of liability against Trans Union, and shall not be admissible as evidence in any trial or hearing.  All liability is denied by Trans Union.

If this Offer of Judgment is not accepted by Plaintiff within ten (10) days of service thereof, this Offer of Judgment shall be deemed withdrawn and any evidence of this Offer of Judgment will be inadmissible, except in any proceeding to recover costs or attorneys' fees.

1

Respectfully submitted,

Wilbur E. Johnson, SC Bar No. 3062
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
Fax: (843) 579-1332
wjohnson@ycrlaw.com
*Counsel for Trans Union LLC*

Date: December 5, 2025

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2025, a true and correct copy of the above and foregoing document has been served by email and U.S. First Class mail on *Pro Se* Plaintiff in accordance with the *South Carolina Rules of Civil Procedure* as follows:

Nelson L. Bruce
leonbruce81@yahoo.com
144 Pavilion Street
Summerville, SC  29483

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484

**WILBUR E. JOHNSON**

STATE OF SOUTH CAROLINA

COUNTY OF DORCHESTER

Nelson L. Bruce,

                Plaintiff,

      vs.

TRANS UNION LLC,

                Defendant(s).

IN THE MAGISTRATE'S COURT

**<u>2024CV1810306501</u>**
CIVIL CASE NUMBER

### PLAINTIFF'S COUNTER TO DEFENDANT'S RULE 20 OFFER OF JUDGMENT; PROPOSED STIPULATED JUDGMENT UNDER S.C. CODE § 15-35-400 (2005 Act No. 32, § 3)

      Plaintiff responds to Trans Union LLC's Rule 20 Offer of Judgment dated December 5, 2025 in Case No. 2024CV1810306501 as follows. Pursuant to S.C. Code § 15-35-400 (enacted by 2005 Act No. 32, § 3), Plaintiff conditionally accepts entry of judgment only on the terms below. This document is a counteroffer, effective only upon Defendant's written assent; upon filing of the fully executed instrument, the clerk shall enter judgment on this language.

      1.  Judgment shall be entered in the amount of $7,500.00.  Defendant shall pay the judgment within 14 days of entry by certified check or ACH to Plaintiff. Upon cleared funds, the judgment is satisfied.

      2.  This judgment resolves only the claims asserted in this case (Case No. 2024CV1810306501) as framed by the operative complaint and arising from the specific inquiry identified therein (the "Resolved Claims"). It does not release, settle, adjudicate, waive, or affect any other claim against Trans Union LLC, including any based on credit-report inquiries, reports, disputes, reinvestigations, or furnishing events occurring on different dates (the "Excluded Claims").  If any provision including Defendant's Paragraph 2 ("any and all claims") could be

read to broaden the scope beyond the Resolved Claims, this Paragraph 2 controls and no broader release or settlement is agreed. The parties agree that this Paragraph supersedes and replaces Defendant's Paragraph 2 and that no general release is given.

3. Consistent with § 15-35-400, this judgment shall have no claim or issue-preclusive effect beyond the Resolved Claims and shall not bar any Excluded Claim.

4. Entry of judgment is without any admission of liability by Defendant and without any findings on the merits. Each party bears its own attorney's fees; court costs are as provided by law.

5. Defendant's signature below constitutes assent to this Rule 20 / § 15-35-400 stipulated judgment. Upon filing of the fully executed instrument, the clerk shall immediately enter judgment on these terms.

Respectfully presented,

*Nelson L. Bruce*

Nelson L. Bruce, Plaintiff
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
P.O. Box 3345, Summerville, SC 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

Date: December 7th, 2025

Consented and agreed:

_____

Wilbur E. Johnson, Esq. SC Bar No. 3062
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
Fax: (843) 579-1332
wjohnson@yctlaw.com
**Counsel for Trans Union LLC**


Date: December _____, 2025

# Exhibit 1-E

**Plaintiff's Notice of Acceptance**

STATE OF SOUTH CAROLINA

COUNTY OF DORCHESTER

Nelson L. Bruce,

               Plaintiff,

    vs.

TRANS UNION LLC,

               Defendant(s).

IN THE MAGISTRATE'S COURT

<u>2024CV1810306501</u>
CIVIL CASE NUMBER

## PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEFENDANT TRANS UNION LLC'S OFFER OF JUDGMENT AND MOTION FOR ENTRY OF JUDGMENT; REQUEST TO CANCEL JURY TRIAL

      Plaintiff hereby gives notice that Plaintiff accepts Defendant Trans Union LLC's Offer of Judgment served on and dated December 5, 2025, pursuant to South Carolina Rules of Magistrate Court, Rule 20.

      Plaintiff accepts entry of judgment in the amount of Seven Thousand Five Hundred Dollars ($7,500.00), inclusive of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees, as stated in Defendant's Offer of Judgment, in full satisfaction of the claims asserted in this action only.

Accordingly, Plaintiff respectfully moves the Court to:

1. Direct the Clerk to enter judgment forthwith in favor of Plaintiff and against Defendant Trans Union LLC in the amount of $7,500.00 pursuant to the accepted Offer of Judgment.

2. Cancel the jury trial presently scheduled for December 15, 2025, and remove this case from the trial roster.

Dated this <u>10th</u> day of December, 2025

RESPECTFULLY PRESENTED,

*Nelson L. Bruce*

Nelson L. Bruce, Plaintiff
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I Nelson L. Bruce HEREBY CERTIFY that on the date specified below that a copy of the

attached notice was mailed and emailed to the defendant listed below by first-class mail and

email.

**SENT TO:**

CLEMENT RIVERS LLP
Attention: Wilbur E. Johnson
25 Calhoun St. Suite 400
Charleston, SC 29401
wjohnson@ycrlaw.com
*Counsel for Trans Union, LLC*

Dated this 10th day of December, 2025

RESPECTFULLY PRESENTED,

_Nelson L. Bruce_

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# Exhibit 1-F

## Court's Satisfaction of Final Judgment

IN THE MAGISTRATE'S COURT
STATE OF SOUTH CAROLINA
COUNTY OF DORCHESTER

NELSON L. BRUCE, )
)
           Plaintiff, )
)
v. )     Case No.: 2024CV1810306501
)
TRANS UNION LLC, )
)
           Defendant. )

## SATISFACTION OF FINAL JUDGMENT

This matter came before the Court upon Plaintiff's Notice of Acceptance of Defendant's Offer of Judgment. It is hereby ORDERED AND ADJUDGED that pursuant to South Carolina Magistrate Court Rule 20, Judgment is granted in favor of Plaintiff. Plaintiff shall recover from Trans Union LLC, the sum of Seven Thousand Five Hundred dollars ($7,500.00).

The Judgement shall be considered as "satisfied" upon Defendant's filing with this Court proof of delivery of the $7,500.00 sum to Plaintiff.

DONE AND ORDERED in Chambers Summerville, South Carolina, this _12_ day of December 2025.

_____
Judge P. Brandt Shelbourne
Magistrate Judge

8400073.2

1

# Exhibit 1-G

**Trans Union's Notice of Satisfaction of Judgment**

**IN THE MAGISTRATE'S COURT**
**STATE OF SOUTH CAROLINA**
**COUNTY OF DORCHESTER**

| | |
|---|---|
| NELSON L. BRUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2024CV1810306501 |
| | ) |
| TRANS UNION LLC, | ) |
| | ) |
| Defendant. | ) |

**TRANS UNION LLC'S NOTICE OF**
**SATISFACTION OF JUDGMENT**

Defendant Trans Union, LLC ("Trans Union"), by counsel, hereby files its Notice of Satisfaction of Judgment and states as follows:

1.     On December 5, 2025, Trans Union served its Offer of Judgment in the amount of $7,500.00 on Nelson L. Bruce ("Plaintiff"). *See* Exhibit 1 attached hereto.

2.     On December 10, 2025, Plaintiff filed his Notice of Acceptance of Defendant Trans Union LLCs Offer of Judgment and Motion for Entry of Judgment; Request to Cancel Jury Trial. *See* Exhibit 2 attached hereto.

3.     On December 22, 2025, pursuant to South Carolina Magistrate Court Rule 20, the Court entered judgment in favor of Plaintiff in the amount of $7,500.00. *See* Exhibit 3 attached hereto.

4.     Trans Union issued payment to Plaintiff in full satisfaction of the judgment, and such payment was delivered to Plaintiff by letter from Trans Union's counsel dated January 23, 2026. *See* Exhibit 4 attached hereto.

1

Respectfully submitted,

Wilbur E. Johnson, Esquire
wjohnson@ycrlaw.com
SC Bar No. 3062
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
*Counsel for Defendant Trans Union LLC*

Dated: *February 24, 2026*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February 2026, a true and correct copy of the above

and foregoing document has been forwarded by electronic mail and U.S. First Class Mail to the

following:

Nelson L. Bruce
Leonbruce81@yahoo.com
144 Pavilion Street
Summerville, SC 29483
*Pro Se* **Plaintiff**

**WILBUR E. JOHNSON**

# Exhibit 1

## IN THE MAGISTRATE'S COURT
## STATE OF SOUTH CAROLINA
## COUNTY OF DORCHESTER

| | |
|---|---|
| NELSON L. BRUCE,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>TRANS UNION LLC,  )<br>  )<br>       Defendant.  )  | Case No.: 2024CV1810306501 |

### TRANS UNION LLC'S OFFER OF JUDGMENT

Pursuant to South Carolina Magistrate Court Rule 20, Defendant Trans Union LLC ("Trans Union") hereby offers to allow judgment to be taken against it and in favor of Plaintiff in the above-referenced action (this "Offer of Judgment") as follows:

1.    Judgment shall be entered in the amount of Seven Thousand Five Hundred and 00/100 Dollars ($7,500.00) against Trans Union, *inclusive* of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees;

2.    The judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims and causes of action by Plaintiff against Trans Union, and said judgment shall have no effect whatsoever except in settlement of those claims; and

3.    This Offer of Judgment is made solely for the purposes specified in Rule 20 and acceptance of this Offer by Plaintiff shall not constitute a judgment on the merits of the claims against Trans Union, nor a finding of liability against Trans Union, and shall not be admissible as evidence in any trial or hearing. All liability is denied by Trans Union.

If this Offer of Judgment is not accepted by Plaintiff within ten (10) days of service thereof, this Offer of Judgment shall be deemed withdrawn and any evidence of this Offer of Judgment will be inadmissible, except in any proceeding to recover costs or attorneys' fees.

1

8400073.2

Respectfully submitted,

Wilbur E. Johnson, SC Bar No. 3062
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
Fax: (843) 579-1332
wjohnson@ycrlaw.com
*Counsel for Trans Union LLC*

Date: December 5, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2025, a true and correct copy of the above and foregoing document has been served by email and U.S. First Class mail on *Pro Se* Plaintiff in accordance with the *South Carolina Rules of Civil Procedure* as follows:

Nelson L. Bruce
leonbruce81@yahoo.com
144 Pavilion Street
Summerville, SC  29483

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484

WILBUR E. JOHNSON

3

# Exhibit 2

**STATE OF SOUTH CAROLINA**

**COUNTY OF DORCHESTER**

Nelson L. Bruce,

             Plaintiff,

    vs.

TRANS UNION LLC,

             Defendant(s).

**IN THE MAGISTRATE'S COURT**

<u>**2024CV1810306501**</u>
CIVIL CASE NUMBER

### PLAINTIFF'S NOTICE OF ACCEPTANCE OF DEFENDANT TRANS UNION LLC'S OFFER OF JUDGMENT AND MOTION FOR ENTRY OF JUDGMENT; REQUEST TO CANCEL JURY TRIAL

Plaintiff hereby gives notice that Plaintiff accepts Defendant Trans Union LLC's Offer of Judgment served on and dated December 5, 2025, pursuant to South Carolina Rules of Magistrate Court, Rule 20.

Plaintiff accepts entry of judgment in the amount of Seven Thousand Five Hundred Dollars ($7,500.00), inclusive of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees, as stated in Defendant's Offer of Judgment, in full satisfaction of the claims asserted in this action only.

Accordingly, Plaintiff respectfully moves the Court to:

1. Direct the Clerk to enter judgment forthwith in favor of Plaintiff and against Defendant Trans Union LLC in the amount of $7,500.00 pursuant to the accepted Offer of Judgment.

2. Cancel the jury trial presently scheduled for December 15, 2025, and remove this case from the trial roster.

Dated this <u>10th</u> day of December, 2025

RESPECTFULLY PRESENTED,

*Nelson L. Bruce*

Nelson L. Bruce, Plaintiff
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I Nelson L. Bruce HEREBY CERTIFY that on the date specified below that a copy of the attached notice was mailed and emailed to the defendant listed below by first-class mail and email.

**SENT TO:**

CLEMENT RIVERS LLP
Attention: Wilbur E. Johnson
25 Calhoun St. Suite 400
Charleston, SC 29401
wjohnson@ycrlaw.com
*Counsel for Trans Union, LLC*

Dated this <u>10th</u> day of December, 2025

RESPECTFULLY PRESENTED,

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
144 Pavilion Street, Summerville, SC 29483
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# Exhibit 3

**IN THE MAGISTRATE'S COURT**
**STATE OF SOUTH CAROLINA**
**COUNTY OF DORCHESTER**

| | |
|---|---|
| NELSON L. BRUCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2024CV1810306501 |
| ) | |
| TRANS UNION LLC, ) | |
| ) | |
| Defendant. ) | |

## SATISFACTION OF FINAL JUDGMENT

This matter came before the Court upon Plaintiff's Notice of Acceptance of Defendant's Offer of Judgment. It is hereby ORDERED AND ADJUDGED that pursuant to South Carolina Magistrate Court Rule 20, Judgment is granted in favor of Plaintiff. Plaintiff shall recover from Trans Union LLC, the sum of Seven Thousand Five Hundred dollars ($7,500.00).

The Judgement shall be considered as "satisfied" upon Defendant's filing with this Court proof of delivery of the $7,500.00 sum to Plaintiff.

DONE AND ORDERED in Chambers Summerville, South Carolina, this _12_ day of December 2025.

_____
Judge P. Brandt Shelbourne
Magistrate Judge

8400073.2

1

# Exhibit 4



A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2200 ROSS AVE., SUITE 2400
DALLAS, TEXAS 75201

ALEXANDRIA EPPS
aepps@qslwm.com

DIRECT (214) 560-5463
MAIN:  (214) 871-2100
FAX:  (214) 871-2111

January 23, 2026

***Via First Class Mail***
Nelson L. Bruce
144 Pavilion St.
Summerville, SC 29483

Re:    Case No. 2024CV1810306501 (South Carolina – Dorchester County)
       *Nelson L. Bruce v. Trans Union LLC*

Dear Mr. Bruce:

Regarding the referenced matter, please find enclosed Trans Union LLC's check number 000022054, in the amount of $7,500.00, in satisfaction of the Judgement entered herein.

Receipt of these funds will conclude this matter.

If you have any questions, do not hesitate to contact me.

Sincerely,

Alexandria Epps

AE/si
Enclosure

**TransUnion.** TransUnion, LLC
555 W ADAMS ST
CHICAGO, IL 60661

00TULCCHK2521690000022054

PAGE: 1 of 1

DATE: January 23, 2026
CHECK NUMBER: 0000022054
AMOUNT PAID: $7,500.00

Transfer

Direct Inquiries To: APMAIL@TRANSUNION.COM

0056 29620 CKS NE 26017 - 0000022054 NNNNNNNNNNNN 0165100010210 X897A1 C
NELSON L BRUCE
144 PAVILION STREET
SUMMERVILLE SC 29483

| Invoice Date | Invoice Number | Voucher Number | Description | Gross Amount | Discount | Net Amount |
|---|---|---|---|---|---|---|
| 01/23/26 | 202402799 | IDY Nelson L Bruce | | $7,500.00 | $0.00 | $7,500.00 |
| | | | TOTALS | $7,500.00 | $0.00 | $7,500.00 |

PLEASE DETACH BEFORE DEPOSITING CHECK

**TransUnion.** TransUnion, LLC
555 W ADAMS ST
CHICAGO, IL 60661

CHECK
NUMBER     0000022054

70-2322
719

January 23, 2026

*** VOID AFTER 90 DAYS ***

PAY
TO THE
ORDER OF:     NELSON L BRUCE
144 PAVILION STREET
SUMMERVILLE, SC 29483

CHECK AMOUNT

$7,500.00

EXACTLY *********7,500 DOLLARS AND 00 CENTS

Security features
included.
Details on back.

JPMORGAN CHASE BANK, N.A.
Chicago, IL

Chris Cartwright

Authorized Signature

⑈⑈000002 2054⑈⑈ ⑈071923226⑈ 4 3 2 2 2 9 3 1 3 ⑈

# Exhibit 1-H

**Court's Docket Sheet**
**Magistrate Court of Dorchester County**
**Case No. 2024CV1810306501**



# Dorchester County
# First Judicial Circuit
# Public Index



Dorchester County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

Switch View

## Nelson L. Bruce VS Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance

| | | | | | |
|---|---|---|---|---|---|
| Case Number: | 2024CV1810306501 | Court Agency: | Summerville Magistrate | Filed Date: | 11/18/2024 |
| Case Type: | Civil | Case Sub Type: | Summons & Compl PS | File Type: | |
| Status: | Satisfied | Assigned Judge: | DeMott, Russell A. | | |
| Disposition: | Settled | Disposition Date: | 12/11/2025 | Disposition Judge: | Shelbourne, Peter Brandt |
| Original Source Doc: | | Original Case #: | | | |
| Judgment Number: | 2024CV1810306501 | Court Roster: | | | |

**Case Parties**   **Judgments**   Tax Map Information   Associated Cases   **Actions**   **Financials**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| For: | Bruce, Nelson L. | Against: | Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Judg. Amount: | $7,500.00 | Judgment Date: | 12/11/2025 |
| Description: | Judgment/Judgment | Disposition: | Satisfied Or Cancelled | Disp. Date: | 01/02/2026 | Date Entered/Last Changed | 12/11/2025 - - 02/20/2026 |
| Notes: | None | | | | | | |

| Judgment Details | | | |
|---|---|---|---|
| **Claims Code** | **Detail Desc.** | **Detail Amount** | **Detail Date** |
| JGM | Judgment | $7,500.00 | 12/11/2025 |

CMSWeb 7.2 © 2026 South Carolina Judicial Branch • All rights reserved



# Dorchester County
## First Judicial Circuit
## Public Index



Dorchester County Home Page   South Carolina Judicial Department Home Page   SC.GOV Home Page

Switch View

## Nelson L. Bruce VS Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance

| | | | | | |
|---|---|---|---|---|---|
| **Case Number:** | 2024CV1810306501 | **Court Agency:** | Summerville Magistrate | **Filed Date:** | 11/18/2024 |
| **Case Type:** | Civil | **Case Sub Type:** | Summons & Compl PS | **File Type:** | |
| **Status:** | Satisfied | **Assigned Judge:** | DeMott, Russell A. | | |
| **Disposition:** | Settled | **Disposition Date:** | 12/11/2025 | **Disposition Judge:** | Shelbourne, Peter Brandt |
| **Original Source Doc:** | | **Original Case #:** | | | |
| **Judgment Number:** | 2024CV1810306501 | **Court Roster:** | | | |

**Case Parties   Judgments   Tax Map Information   Associated Cases   Actions   Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Notice Satisfaction of Judgment | Filing | | 02/24/2026-14:01 | | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Judgment/Satisfaction of Judgment | Filing | | 01/02/2026-11:46 | | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Satisfaction of Final Judgment | Filing | | 12/22/2025-14:04 | | |
| Bruce, Nelson L. | Civil Jury Trial Day Certain | Event | | 12/15/2025-10:00 | 12/11/2025-10:01 | |
| Bruce, Nelson L. | Judgment/Judgment | Judgment | | 12/11/2025-10:04 | | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Judgment/Judgment | Judgment | | 12/11/2025-10:04 | | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Plaintiff's Notice of Acceptance of Offer Judgment | Filing | | 12/10/2025-14:02 | | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Motion to Quash Plaintiff's Subpoena for Joe Kauffman/CEO | Motion | | 12/08/2025-12:33 | 12/11/2025-12:33 | |
| Bruce, Nelson L. | Civil Jury Trial | Event | | 12/08/2025-10:00 | 11/24/2025-10:01 | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Trans Union LLC's Offer of judgment | Filing | | 12/05/2025-14:01 | | |
| Bruce, Nelson L. | Archived Document | Filing | | 12/03/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Archived Court Summons | Filing | | 11/24/2025-00:00 | 12/11/2025-00:00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Bruce, Nelson L. | Archived Court Summons | Filing | | 11/24/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Archived Document | Filing | | 11/18/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Archived Document | Filing | | 11/18/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Archived Court Summons | Filing | | 11/03/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Civil Pre-Trial Hearing | Event | | 06/09/2025-09:00 | 11/03/2025-09:01 | |
| Bruce, Nelson L. | Civil Pre-Trial Hearing | Event | | 05/28/2025-14:00 | 05/28/2025-14:00 | |
| Bruce, Nelson L. | Archived Court Summons | Filing | | 05/28/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Motion/Dismiss & Summary Judgment | Motion | | 05/15/2025-15:11 | 12/11/2025-15:11 | |
| Bruce, Nelson L. | Civil Court Rescheduled | Event | | 04/21/2025-14:00 | 04/16/2025-14:00 | |
| Bruce, Nelson L. | Civil Pre-Trial Hearing | Event | | 04/16/2025-09:30 | 12/08/2025-09:31 | |
| Bruce, Nelson L. | Archived Court Summons | Filing | | 04/16/2025-00:00 | 12/11/2025-00:00 | |
| Bruce, Nelson L. | Archived Court Summons | Filing | | 03/21/2025-00:00 | 12/11/2025-00:00 | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Civil Court | Event | | 02/28/2025-14:00 | 12/11/2025-14:00 | |
| Bruce, Nelson L. | Archived Court Summons | Filing | | 02/18/2025-00:00 | 03/21/2025-00:00 | |
| Bruce, Nelson L. | Motion/Joint Motion for Continuance | Motion | | 02/13/2025-09:15 | 12/11/2025-09:15 | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Archived Court Summons | Filing | | 02/03/2025-00:00 | 12/11/2025-00:00 | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Answer/Answer To Amended Complaint | Filing | | 01/31/2025-10:49 | 12/11/2025-10:49 | |
| Bruce, Nelson L. | Summons & Complaint/Process Server | Action | | 01/17/2025-16:53 | 12/11/2025-16:53 | |
| Bruce, Nelson L. | Service/Affidavit Of Service via email | Filing | | 01/14/2025-16:15 | 12/11/2025-16:15 | |
| Bruce, Nelson L. | Amended/Amended Complaint - 2nd filing | Filing | | 12/23/2024-16:45 | 12/11/2025-16:45 | |
| Bruce, Nelson L. | Amended/Amended Complaint | Filing | | 12/19/2024-16:48 | 12/11/2025-16:48 | |
| Chris Cartwright Ceo Of Trans Union Llc, Doe Insurance | Service/Certificate Of Service Certified Mail | Filing | | 11/25/2024-16:54 | 12/11/2025-16:54 | |
| Bruce, Nelson L. | Summons & Complaint Documents | Filing | | 11/18/2024-16:55 | 12/11/2025-16:55 | |
| Bruce, Nelson L. | Archived Summons S/C C/D | Filing | | 11/18/2024-00:00 | 12/11/2025-00:00 | |