**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00319-BHH-MGB |
| | ) | |
| TRANS UNION LLC and | ) | |
| UNKNOWN Does 1-100, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRANS UNION LLC'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Trans Union LLC ("Trans Union"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss Plaintiff Nelson Bruce's ("Plaintiff") Amended Complaint (ECF No. 18; hereinafter "Amended Complaint"), with prejudice. Trans Union submits the following memorandum in support of its Motion to Dismiss (the "Motion"). The Motion should be granted because: 1) Plaintiff's claims are barred by the doctrine of res judicata; 2) Plaintiff is barred from pursuing claims on behalf of a class; and 3) the remainder of Plaintiff's claims fail because such causes of action are either not cognizable or are inadequately pled.

### I.     NATURE OF THE CASE AND STATEMENT OF RELEVANT FACTS

On December 18, 2024, Plaintiff filed an earlier lawsuit in the Magistrate Court of Dorchester County, Cause No. 24CV1810306501 ("2024 Case").[1] In the 2024 Complaint against Trans Union,

---

[1] This Court can take judicial notice of Plaintiff's cases filed in Magistrate Court of Dorchester County and the pleadings filed therein without converting Trans Union's Motion to a motion for summary judgment under Rule 56. *See Bryant v. Wells Fargo Bank, Nat. Ass'n*, 861 F. Supp. 2d 646, 665 (E.D.N.C. 2012) (citations omitted).

1

which is virtually identical to the original Complaint in this case, Plaintiff alleged that Trans Union violated the FCRA and various state laws by allegedly obtaining Plaintiff's consumer report from ChexSystems. A true and correct copy of Plaintiff's 1st Amended Complaint filed in the 2024 Case is attached hereto as Exhibit 1-A.[2] Plaintiff alleged that when he reviewed his consumer disclosure from ChexSystems on October 30, 2023, he noticed that Trans Union had allegedly obtained his consumer report from ChexSystems on July 8, 2023. *Id*. at ¶ 6.  As Exhibit A to the 2024 Complaint, Plaintiff attached a redacted copy of his October 30, 2023 ChexSystems consumer disclosure, purporting to show inquiries by Trans Union, on behalf of Credit Karma, in May, June, and July 2023. *Id*. at Ex. A. However, Plaintiff redacted the inquiries for the other months shown on the ChexSystems disclosure. *Id*.

On December 5, 2025, during settlement negotiations in the 2024 Case, Plaintiff made it clear that he was aware of "19 total inquiries to date," and to leverage a settlement position, threatened to pursue them in a serial fashion by filing a separate lawsuit on each individual inquiry:

> To be clear, I have multiple additional inquiries (19 total inquiries to date) to give rise to separate, stand-alone violations, and I fully intend to pursue those matters individually unless Trans Union seeks to resolve them collectively.

A true and correct copy of Plaintiff's email correspondence dated December 5, 2025, to counsel for Trans Union in the 2024 Case is attached hereto as Exhibit 1-B.

When settlement negotiations proved unsuccessful, on December 5, 2025, Trans Union served an Offer of Judgement on Plaintiff in the amount of $7,500.00 pursuant to South Carolina Magistrate Court Rule 20. A true and correct copy of Trans Union's Offer of Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-C . The Offer of Judgment stated in part "[t]he judgment entered in accordance with this Offer of Judgment is to be in total settlement of *any and*

---

[2] See Declaration of Wilbur E Johnson attached hereto as Exhibit 1.

2

*all claims and causes of action* by Plaintiff against Trans Union." *Id*. (emphasis added). Plaintiff was clearly put on notice that the Offer of Judgment was inclusive of any and all claims and causes of actions Plaintiff held against Trans Union.

On December 7, 2025, Plaintiff purported to "conditionally accept" Trans Union's Offer of Judgment by serving his own Proposed Stipulated Judgment. A true and correct copy of Plaintiff's Proposed Stipulated Judgment served in the 2024 Case is attached hereto as Exhibit 1-D. Plaintiffs' Proposed Stipulated Judgment purported to exclude unasserted claims and provided that it "shall have no claim or issue-preclusive effect." *Id*.

On December 10, 2025, Plaintiff explicitly abandoned his Proposed Stipulated Judgment and served his Notice of Acceptance of Defendant Trans Union LLC's Offer of Judgment and Motion for Entry of Judgment ("Notice of Acceptance"). A true and correct copy of Plaintiff's Notice of Acceptance served and filed in the 2024 Case is attached hereto as Exhibit 1-E. Plaintiff's Notice of Acceptance expressly stated that "Plaintiff accepts Defendant Trans Union LLC's Offer of Judgment … inclusive of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees, as stated in Defendant's Offer of Judgment, in full satisfaction of the claims asserted in this action only." Plaintiff's Notice of Acceptance asked for judgment "in the amount of $7,500.00 pursuant to the accepted Offer of Judgment." *Id*.

On December 22, 2025, the Magistrate Court entered judgment in favor of Plaintiff in the amount of $7,500.00. A true and correct copy of the Magistrate Court's Satisfaction of Final Judgment entered in the 2024 Case is attached hereto as Exhibit 1-F.[3]  On February 24, 2026, Trans Union filed its Notice of Satisfaction of Judgment with the Magistrate Court. A true and correct copy

---

[3] While this document was titled Satisfaction of Final Judgment, it is in fact the Court's Final Judgment in the 2024 Case.

of Trans Union's Notice of Satisfaction of Judgment served and filed in the 2024 Case is attached hereto as Exhibit 1-G.

On October 30, 2025, Plaintiff filed this action in the Magistrate Court of Dorchester County with a virtually identical Complaint to the one filed in the 2024 Case, again asserting the same causes of action, based on the same alleged series of transactions. *See* ECF No. 1-1, pp. 9-24. This case was removed to this court on January 29, 2026. *Id.* The only difference between the 2024 Case and Plaintiff's original Complaint in this case were the allegations that Trans Union violated the FCRA and various state laws when it obtained Plaintiff's consumer report from ChexSystems on August 6, 2023, September 5, 2023, and October 5, 2023, which Plaintiff allegedly discovered when reviewing his ChexSystems consumer disclosure on October 30, 2023. *See* ECF No. 1-1, p. 12, ¶ 6. Plaintiff brought claims against Trans Union in this case that he has known about since at least October 30, 2023, but he strategically chose not to pursue such claims in the 2024 Case before taking the 2024 Case to judgment by accepting the terms of Trans Union's Offer of Judgment.

On March 19, 2026, Plaintiff filed an Amended Complaint in this action alleging additional permissible purpose claims and purported class action claims on behalf of "all others similarly situated." ECF No. 18, ¶¶ 5-11, 13, 14. However, Plaintiff's amendments do not change the analysis and Plaintiff's Amended Complaint should be dismissed, **with prejudice**.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "*factual content* that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

Although the Court must accept Plaintiff's allegations as true in resolving the present Motion, it need not accept mere conclusory statements or legal conclusions presented as factual allegations, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Therefore, to survive dismissal, a complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," which Plaintiff's Amended Complaint has entirely failed to do. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

"Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). Res judicata may be a basis for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Toney v. LaSalle Bank Nat'l Ass'n*, 896 F.Supp.2d 455, 464 (D.S.C. 2012) ("[R]es judicata or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)").

### III.    ARGUMENTS AND AUTHORITIES

**A.    All of Plaintiff's Claims Should Be Dismissed Because They Are Barred by the Doctrine of Res Judicata**

      **1.    All of Plaintiff's Claims Were Disposed of by the Judgment in the 2024 Case**

Plaintiff's Amended Complaint should be dismissed, with prejudice, because his claims were disposed of by the Judgment entered on Trans Union's Offer of Judgment. In South Carolina, "[r]es judicata bars subsequent actions by the same parties when the claims arise out of the same

5

transaction or occurrence that was the subject of a prior action between those parties." *Judy v. Judy*, 712 S.E.2d 408, 414 (S.C. 2011) (citation omitted). "Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Id.* (citation omitted). "Res judicata's fundamental purpose is to ensure that no one should be twice sued for the same cause of action." *S.C. Pub. Int. Found. v. Greenville Cnty.,* 737 S.E.2d 502, 507 (S.C. Ct. App. 2013) (citation omitted). "Res judicata bars a second suit where there is (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the first suit." *Yelsen Land Co., Inc. v. State*, 723 S.E.2d 592, 596 (S.C. 2012).

On December 5, 2025, Trans Union served an Offer of Judgement on Plaintiff in the 2024 Case in the amount of $7,500.00 pursuant to South Carolina Magistrate Court Rule 20. *See* Ex. 1-C. The Offer of Judgment expressly stated "[t]he judgment entered in accordance with this Offer of Judgment is to be in total settlement of ***any and all claims and causes of action*** by Plaintiff against Trans Union. *Id.* (emphasis added). Plaintiff was clearly put on notice that the Offer of Judgment was inclusive of any and all claims and causes of actions by Plaintiff against Trans Union. On December 10, 2025, Plaintiff served his Notice of Acceptance. *See* Ex. 1-E. Plaintiff's Notice of Acceptance also stated that "***Plaintiff accepts Defendant Trans Union LLC's Offer of Judgment … inclusive of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees, as stated in Defendant's Offer of Judgment, in full satisfaction of the claims***." *Id.* (emphasis added). Plaintiff's Notice of Acceptance asked for judgment "***in the amount of $7,500.00 pursuant to the accepted Offer of Judgment***." *Id.* (emphasis added). While Plaintiff attempted to add an additional term to Trans Union's Offer of Judgment, that it was in satisfaction of claims

"asserted in this action only," Plaintiff could not change the terms of Trans Union's Offer of Judgment and his effort to do so was a nullity.

"[T]o any reasonable reader, the phrase 'all claims alleged' encompasses all claims for all available remedies … . In interpreting a clear and unambiguous contract, our only role is to determine the parties' meaning and intent as expressed by the words they have used. *Wells v. Vetech, LLC*, 437 S.C. 428, 432, 879 S.E.2d 6, 8 (Ct. App. 2022). The governing legal effect flows from the offer as made and satisfied—not from Plaintiff's unilateral alteration of its terms prior to filing. *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012) (quoting *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 406, 581 S.E.2d 161, 166 (2003)) ("A valid offer 'identifies the bargained for exchange and creates a power of acceptance in the offeree.'").

On December 22, 2025, the Magistrate Court entered judgment on Trans Union's Offer of Judgment in the amount of $7,500.00. Ex. 1-F.  On February 24, 2026, Trans Union filed its Notice of Satisfaction of Judgment with the Magistrate Court, showing that Trans Union had satisfied the Judgment by payment of $7,500.00 to Plaintiff. Ex. 1-G. Based on the express terms of Trans Union's Offer of Judgment and Plaintiff's Notice of Acceptance, all of the claims asserted herein by Plaintiff were disposed of by the Judgment entered in the 2024 Case. Accordingly, Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice.

### 2. Furthermore, All of Plaintiff's Claims Should Be Dismissed Because They Could Have Been Raised in the 2024 Case

Furthermore, Plaintiff's Amended Complaint should be dismissed, with prejudice, because his claims could have been brought in the 2024 Case and are barred by the doctrine of res judicata. The case law is clear. Res judicata precludes claims that were actually brought and resolved in a prior action as well as those claims that *could have been raised* in the prior action. *See Providence*

7

*Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). Plaintiff cannot pick and choose which claims to bring when they all arise out of the same occurrence or series of occurrences. When Plaintiff filed the 2024 Case, he attached a ChexSystems consumer disclosure from October 30, 2023. This means that any inquiries from August, September and October 2023 would have shown on the October consumer disclosure. In fact, Plaintiff even goes further in the Amended Complaint, alleging that he became aware of the alleged inquiries at issue in this case by reviewing his October 30, 2023, March 3, 2024, and January 12, 2025, ChexSystems disclosures. *See* ECF No. 18, ¶¶ 12-14. Thus, at the time the Judgment was entered in the 2024 Case on December 22, 2025, Plaintiff was fully aware of each of his alleged permissible purpose claims that he now asserts in this action. Plaintiff clearly chose to piecemeal his claims against Trans Union when he had knowledge of the entirety of the claims all along. As such, Plaintiff's conduct should be put to an end, and he should not be allowed to bring repetitive claims against Trans Union clearly arising out of the same alleged series of transactions. "Res judicata ends litigation, promotes judicial economy and avoids the harassment of relitigation of the same issues." *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 108 (1999).

Further, the requirements set by the court in *Yelsen Land Co., Inc,* are all satisfied here. Res judicata bars a second suit here because the litigation is between the same parties, regarding the same subject matter, and the first suit has been adjudicated. Plaintiff was fully aware of the claims he is now attempting to pursue at the time he filed the 2024 Case and, certainly, by the time the Judgment was entered. Plaintiff had the opportunity to bring all of the claims that existed at the time, and he deliberately chose not to, therefore, this serves as a bar to his serial litigation strategy. Res judicata prevents litigation of all grounds for recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

8

*Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979). A judgment entered on a party's acceptance of an offer of judgment, will give rise to res judicata. *See Nasser Asr v. Hansen*, No. 3:20-CV-141-MOC-DCK, 2020 WL 6875153, at *4 (W.D.N.C. Nov. 23, 2020) (applying North Carolina law), *aff'd sub nom. Asr v. Eady-Williams*, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022); *Williams v. New Century Investigations, Inc.,* No. 2005-UP-237, 2005 WL 7083703, at *2–3 (S.C. Ct. App. Apr. 6, 2005). Similarly, settlement agreements and consent judgments give rise to a claim preclusion. *See Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990).*

For these reasons, Plaintiff's Amended Complaint should be dismissed, with prejudice. *See Frank v. Gen. Elec. Cap. Corp.*, No. CIV. 09-1892 DSD/SRN, 2010 WL 411132 (D. Minn. Jan. 28, 2010) (Finding that a debtor's FCRA claims are barred by the doctrine of res judicata because the debtor had a full and fair opportunity to litigate his claims in his first lawsuit and therefore his subsequent lawsuit was barred by res judicata). Plaintiff's litigation strategy is crystal clear, which is to piecemeal his claims against Trans Union, rather than bring his claims forward in their entirety, in hopes of serially collecting thousands of dollars from Trans Union. For these reasons, Plaintiff's Amended Complaint should be dismissed, with prejudice.

**B.      Plaintiff is Barred from Pursuing Claims on Behalf of a Class.**

Plaintiff's Amended Complaint should be dismissed, with prejudice, because he attempts to assert class action claims on behalf of "all others similarly situated." Amended Complaint, ¶¶ 5-11. Plaintiff, however, cannot file and pursue claims on behalf of a class as a *pro se* litigant. Plaintiff fails to meet the requirements set forth in Rule 23(g), which requires, above all, an experienced attorney to bring claims on behalf of a class. Plaintiff is not an attorney and therefore does not even meet the first requirement needed to pursue a claim on behalf of others.

9

Moreover, there is a plethora of case law in this District and many others that have consistently held that a *pro se* Plaintiff may not assert claims on behalf of others. This case is no different. A *pro se* party lacks standing to assert claims on behalf of others. *Causey v. Williams*, No. 4:22-CV-1475-JD-TER, 2023 WL 4851196, at *8 (D.S.C. July 28, 2023). A *pro se* plaintiff may litigate only his own personal claims. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). *Kalfa v. Shellpoint Mortg. Servicing*, No. 6:25-CV-12979-JDA-WSB, 2025 WL 4076935, at *5 (D.S.C. Dec. 23, 2025), *report and recommendation adopted*, No. 6:25-CV-12979-JDA, 2026 WL 194007 (D.S.C. Jan. 23, 2026). "The right to litigate for oneself, however, does not create a coordinate right to litigate for others." *Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005). A *pro se* Plaintiff may not litigate or bring claims on behalf of others. *Hummer v. Dalton*, 657 F.2d 621, 623-626 (4th Cir. 1981) (explaining a *pro se* plaintiff's lawsuit is "confined to redress for violation of his own personal rights"). The case law is clear; Plaintiff cannot bring claims on behalf of others as a *pro se* litigant. Accordingly, his purported class claim should be dismissed, with prejudice.

**C.     Plaintiff's § 1681b Claim Should Be Dismissed Because He Has Failed to Plausibly Allege a Violation of the FCRA**

In order to assert a permissible purpose claim under § 1681b of the FCRA, Plaintiff must allege the following: 1) Trans Union obtained his consumer report; 2) Trans Union did not have a permissible purpose; 3) Trans Union did not have reason to believe it had a permissible purpose; 4) Plaintiff suffered damages; and 5) such damages were caused by Trans Union. 15 U.S.C. § 1681b; *see Miller v. Dish Network, L.L.C.,* 326 F. Supp. 3d 51, 65 (E.D. Va. 2018) (collecting cases). Plaintiff has not even alleged these elements, Amended Complaint, at p. 12, VI, much less

10

provided actual facts in support of his claim to avoid dismissal. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's §1681b claim should be dismissed, with prejudice.

**D.     Plaintiff's § 1681q Claim Should Be Dismissed Because § 1681q Does Not Provide a Private Civil Cause of Action**

Plaintiff purports to assert a cause of action based on § 1681q of the FCRA. Amended Complaint, at ¶45. However, § 1681q is a criminal provision of the FCRA.  Many courts have held that § 1681q does not give rise to civil liability under the FCRA. *See Sanchez v. Glob. Lending Servs.*, No. 4:23-CV-01101-O-BP, 2024 WL 1076827, at *5 (N.D. Tex. Feb. 22, 2024), *report and recommendation adopted*, No. 4:23-CV-01101-O-BP, 2024 WL 1122061 (N.D. Tex. Mar. 14, 2024); *Anthony v. GE Cap. Retail Bank*, No. 114CV2809ALCHBP, 2015 WL 10846141, at *3 (S.D.N.Y. Sept. 30, 2015). Accordingly, Plaintiff's § 1681q claim should be dismissed, with prejudice.

**E.     Plaintiff's § 1681 (a)(4) Claim Should Be Dismissed Because § 1681 (a)(4) Does Not Provide a Civil Cause of Action**

Plaintiff purports to assert a cause of action based on the aspirational language contained in §1681 (a)(4) of the FCRA. Amended Complaint, at ¶46. However, § 1681 (a)(4) contains congressional findings and aspirational language, but does not provide a civil cause of action. *Harper v. Trans Union, LLC*, 2025 WL 1928021, at *3 (D. Md. July 14, 2025) (Citing *Young v. Experian Info. Sols., Inc.,* 2022 WL 16540838, at *4 (D. Md. Oct. 28, 2022)). Accordingly, Plaintiff's§ 1681 (a)(4) claim should be dismissed, with prejudice.

**F.     Plaintiff's Claim for Alleged Willful Violation of the FCRA Should Be Dismissed Because He Has Failed to Plausibly Allege a Willful Violation Cause of the FCRA**

The FCRA does not impose strict liability. Instead, liability is imposed only when a CRA either willfully or negligently violates the FCRA. *Wilson v. Wells Fargo Bank,* No. CV 2:22-3594-

11

BHH-MHC, 2023 WL 4466948, at *3 (D.S.C. June 13, 2023), *report and recommendation adopted,* No. 2:22-CV-3594-BHH, 2023 WL 4458944 (D.S.C. July 10, 2023). Because Plaintiff has not and cannot allege sufficient facts to support his generalized allegations of willfulness his claim for alleged willful violation of the FCRA cannot survive. While Plaintiff has certainly used the word "willful" throughout his Amended Complaint, Plaintiff fails to plead any *facts* to support a willful violation of the FCRA. *See Vecchione v. Bay Area Credit Serv.*, No. 1:13CV586, 2014 WL 6972407, at *4 (M.D.N.C. Dec. 9, 2014) (a plaintiff's conclusory allegations of a willful violation of the FCRA fails to state a claim).

"Willfulness" is an exceedingly high standard, denoting either knowingly or with reckless disregard. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58–59 (2007). "Reckless FCRA violations" require "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. at 57, 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). A defendant "does not act in reckless disregard of [the FCRA] unless the action is not only a violation under a reasonable reading of the statute's terms but [also] shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. Even an "erroneous" reading of the statute is not necessarily "objectively unreasonable." *Id.*

Here, Plaintiff has failed to identify a single practice or policy of Trans Union that is objectively unreasonable. He merely argues, in general and conclusory statements, that Trans Union acted willfully and that Trans Union "is a sophisticated entity that regularly operates as a consumer reporting agency and is charged with knowledge of the FCRA's permissible purpose requirements." Amended Complaint, at ¶54.

Plaintiff's conclusory allegations of willfulness fail to articulate any purposeful or reckless violation by Trans Union. Instead, Plaintiff makes only bald assertions, all of which lack any

12

substantive support or factual bases. Without these underpinnings, Plaintiff's claim for alleged willful violation of the FCRA should be dismissed, with prejudice.

### G. Plaintiff's Claim for Alleged Violation of § 37-20-180(A)(6) of the SCCPC Should Be Dismissed Because Plaintiff Has Failed to Plausibly Allege a Cause of Action and Because It Is Preempted by the FCRA

To state a claim under § 37-20-180(A)(6) of the South Carolina Consumer Protection Code ("SCCPC"), Plaintiff must plausibly allege that Trans Union "intentionally disclose[d] a consumer's social security number or a portion of it containing six digits or more to a third party without written consent." S.C. Code Ann. § 37-20-180(A)(6). However, Plaintiff asserts only that Trans Union has disclosed *a consumer's* Social Security number and has failed to allege specific facts showing when, how, or to whom Trans Union allegedly disclosed *his* Social Security number. *See* Amended Complaint, at ¶¶ 48-52.

Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the allegations fail to set forth facts which, if true, would entitle a plaintiff to relief. *Iqbal*, 556 U.S. at 679. A complaint must raise the right to relief beyond the speculative level, and plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Furthermore, as this Court has previously held, the SCCPC is preempted by the FCRA. In *Bruce v. Pentagon Fed. Credit Union*, No. 2:22-cv-02211-BHH, ECF No. 474 (Sept. 29, 2025), this Court granted summary judgment on a SCCPC claim brought by Plaintiff, holding that Plaintiff's state law claims were expressly preempted by the FCRA. *Id*. at 25. The Court specifically found that § 37-20-170 of the SCCPC was preempted by § 1681t. *Id*. Accordingly, Plaintiff's SCCPC claim should be dismissed, with prejudice.

13

**H.      Plaintiff's Claim for Common Law Invasion of Privacy for Intrusion Upon Seclusion Should Be Dismissed Because Plaintiff Has Failed to Plausibly Allege a Cause of Action and Because It Is Preempted by the FCRA**

In order to allege a claim for invasion of privacy for intrusion upon seclusion, Plaintiff must allege (1) intrusion by watching, spying, prying, besetting, overhearing, or other similar conduct; (2) concerning aspects of himself, his home, his family, his personal relationships, and his communications which one normally expects will be free from exposure to the defendant; (3) defendant's conduct must be of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances; and (4) defendant's acts must be intentional and either the actor desires the result or the actor knows or ought to know the result will follow from his conduct. *Snakenberg v. Hartford Cas. Ins. Co.*, 299 S.C. 164, 171–72, 383 S.E.2d 2, 6 (Ct. App. 1989). Plaintiff has not even alleged these elements or that Trans Union's conduct was willful, much less provided actual facts in support of his claim to avoid dismissal. *See Twombly*, 550 U.S. at 555.

Furthermore, as this Court has previously held, common-law torts such as defamation or invasion of privacy are preempted by the FCRA. In *Bruce v. Pentagon Fed. Credit Union*, No. 2:22-cv-02211-BHH, ECF No. 474 (Sept. 29, 2025), this Court granted summary judgment on a defamation claim brought by Plaintiff, holding that Plaintiff's state law claims were expressly preempted by the FCRA. *Id*. at 25. The Court found that common law defamation was preempted by § 1681h. *Id*. Accordingly, Plaintiff's invasion of privacy for intrusion on seclusion claim should be dismissed, with prejudice.

**I.      Any Claim Based on 18 U.S.C. § 1028A Should Be Dismissed**

While Plaintiff's Amended Complaint contains various untethered allegations of "aggravated identity theft" with citations to 18 U.S.C. § 1028A, the Amended Complaint does not

14

assert any such cause of action. *See* Amended Complaint, at 12-17 (Counts I-IV). However, even if Plaintiff had asserted such a cause of action, courts have uniformly rejected such a claim. *See Moore v. Experian*, No. 23CIV673PAESLC, 2023 WL 7169119, at *8 (S.D.N.Y. Oct. 13, 2023), *report and recommendation adopted,* No. 23CIV673PAESLC, 2023 WL 7166158 (S.D.N.Y. Oct. 31, 2023). Accordingly, any claim brought pursuant to 18 U.S.C. § 1028A should be dismissed, with prejudice.

### IV.    AMENDMENT WOULD BE FUTILE

Plaintiff has previously amended his allegations in this case in response to Trans Union's first Motion to Dismiss. Any further attempt by Plaintiff to amend his claims would be futile. There is simply no set of facts that Plaintiff could allege to rescue his claims. Accordingly, leave to amend, if sought, decidedly should not be granted. *See In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005).

### V.    CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's Amended Complaint, with prejudice.

Respectfully submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332
*Counsel for Defendant Trans Union LLC*

Date:  April 2, 2026

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd of April 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system.

I further certify that a true and correct copy of the above and foregoing was sent via United

States First Class Mail to the following:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

16