# EXHIBIT B

**Declaration of Plaintiff**

**Record/FILE ON DEMAND**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, individually and on behalf of all others similarly situated <br><br><br> Plaintiff, <br><br> v. <br><br><br> TRANS UNION LLC, Unknown Does 1-100; et al. <br><br> Defendants. | Case No.: 2:26-cv-00319-BHH-MGB <br><br><br> DECLARATION OF NELSON L. BRUCE |

I, Nelson L. Bruce declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated in this affidavit, except where stated on information and belief, and if called as a witness I could and would testify competently to the matters set forth herein.

2. On December 9, 2025, at approximately 3:16 p.m., Judge Brant Shelbourne sent an email to the parties stating, in substance, that the jurisdiction of the Magistrate's Court is statutorily limited to $7,500.00, that any judgment entered by that court could not exceed $7,500.00 under any circumstances, and that if Plaintiff wanted to argue that he was entitled to a judgment in excess of the jurisdictional limits of the court, the Court would hear that argument on Monday, December 15, 2025.

3. On December 9, 2025, at approximately 3:49 p.m., Wilbur E. Johnson, counsel for Defendant Trans Union LLC, sent an email stating, in substance, that the $7,500.00 jurisdictional limit is a matter of clear statutory law, that there was no point in making an appearance on Monday to discuss the matter, and that he would shortly confirm to the Court that an appearance on Monday would not be necessary.

4. On December 9, 2025, at approximately 5:01 p.m., Wilbur E. Johnson sent an email to Judge Shelbourne stating, in substance, that he had communicated directly with me regarding the Court's jurisdiction, that the statutes governing the Court's jurisdictional limits were clear, that there was no law or precedent to the contrary, and that there would be no need for the Court to convene a hearing, discussion, or meeting on Monday, December 15, 2025.

5. These communications are material because they concern the scope of the Magistrate's Court's jurisdiction, the parties' understanding of that jurisdiction, and the basis upon which the earlier matter proceeded to conclusion. The content of these emails bears directly on the issues now raised by Defendant, including any argument that Plaintiff waived objections, agreed to a broader release, or otherwise conceded matters beyond the limited scope of the prior case.

6. I presently possess copies of the emails referenced above. These emails are confidential in the sense that they were exchanged directly between the parties and the Court and have not been publicly filed in full.

7. If the authenticity, completeness, wording, or context of these emails is challenged, I can produce the full email copies to the Court upon request and by order of the Court, subject to any appropriate protective or confidentiality limitations the Court deems necessary.

8. To the best of my knowledge, information, and belief, the statements in these emails accurately reflect the communications sent on December 9, 2025, and they are relevant evidence for the Court's consideration of the jurisdictional and preclusion issues raised in this matter.

9. I make this affidavit in good faith and for the purpose of presenting facts material to the Court's determination of the pending issues.

I declare under penalty of law of the State of South Carolina and the United States of America that the foregoing is true and correct.

**Executed this 1st, day of May, 2026**

_Nelson L. Bruce_
Nelson L. Bruce