**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00319-BHH-MGB |
| | ) | |
| TRANS UNION LLC and | ) | |
| UNKNOWN Does 1-100, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRANS UNION LLC'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Trans Union LLC ("Trans Union") hereby files its Reply in Support of Its

Motion to Dismiss, and would respectfully show the Court as follows:

## I.    BACKGROUND

In Plaintiff's Memorandum in Opposition, Dkt. 30, ("Opposition"), he makes several

arguments, most of which are unsupported by relevant legal authority, and none of which is

persuasive. Trans Union will address Plaintiff's primary arguments below in the original framework

presented in Trans Union's Motion to Dismiss. To the extent Plaintiff's arguments are not addressed

below, Trans Union stands on its original briefing, which has not been rebutted by Plaintiff.

## II.    ARGUMENTS AND AUTHORITIES

**A.    All of Plaintiff's Claims Should Be Dismissed Because They Are Barred by the
Doctrine of Res Judicata**

**1.    All of Plaintiff's Claims Were Disposed of by the Judgment in the 2024
Case**

In this case, Plaintiff claims that Trans Union obtained his ChexSystems consumer report

a total of 20 times between August 5, 2023 and April 7, 2025. Amended Complaint, Dkt. 18, ¶15

("Amended Complaint"). Even if such claims had merit, which they do not, all such claims

1

10083609.2

occurred prior to Plaintiff's filing of his Notice of Acceptance of Trans Union's Offer of Judgment on December 10, 2025, were resolved thereby, and are barred by the Magistrate Court's Judgment entered on December 22, 2025.

Plaintiff's principal argument in his Opposition is that he unilaterally changed the terms of Trans Union's Offer of Judgment by attempting to add the verbiage "in this action only" in his Notice of Acceptance. Opposition, at 4-5. However, Plaintiff's argument fails under basic contract principles.

Trans Union's Offer of Judgment was unambiguous and encompassed "***any and all claims and causes of action*** by Plaintiff against Trans Union." *See* Motion to Dismiss, Dkt. 22-2, Ex. 1-C (emphasis added) ("Motion to Dismiss"). Interpreting offers of judgment involves construing a contract and present questions of law for the Court. "[T]o any reasonable reader, the phrase 'all claims alleged' encompasses all claims for all available remedies … . In interpreting a clear and unambiguous contract, [the court's] only role is to determine the parties meaning and intent as expressed by the words they have used." *Wells v. Vetech, LLC*, 437 S.C. 428, 431-432, 879 S.E.2d 6, 7-8 (Ct. App. 2022). "In such instances, [courts] must enforce the language as written, for it is the objective expression of what the parties meant to agree upon when they made their contract, not the secret, subjective meaning one party later reveals. *McCord v. Laurens Cnty. Health Care Sys.*, 429 S.C. 286, 292, 838 S.E.2d 220, 223 (Ct. App. 2020).

Plaintiff's Notice of Acceptance stated that "***Plaintiff accepts Defendant Trans Union LLC's Offer of Judgment … inclusive of all of Plaintiff's claims, causes of action, interest, costs, and attorneys' fees, as stated in Defendant's Offer of Judgment, in full satisfaction of the claims***." *Id*. (emphasis added). Plaintiff's Notice of Acceptance asked for judgment "***in the amount of $7,500.00 pursuant to the accepted Offer of Judgment***." *See* Motion to Dismiss, Ex.

2

1-E. (emphasis added). However, by filing his Notice of Acceptance, requesting entry of judgment on Trans Union's Offer of Judgment, and accepting payment of the Judgment from Trans Union, Plaintiff is bound by the original terms of Trans Union's Offer of Judgment as a complete resolution of "***any and all claims and causes of action*** by Plaintiff against Trans Union," including the claims Plaintiff now attempts to assert in this action. *See Linda Mc Co., Inc. v. Shore*, 375 S.C. 432, 441, 653 S.E.2d 279, 284 (Ct. App. 2007), *aff'd as modified*, 390 S.C. 543, 703 S.E.2d 499 (2010) ("An accord and satisfaction occurs when there is: (1) an agreement to accept in discharge of an obligation something different from that which the creditor is claiming or is entitled to receive; and (2) payment of the consideration expressed in the new agreement.). Accordingly, Plaintiff's claims asserted herein are barred by the doctrine of res judicata because they were actually disposed of by the Judgment entered in the 2024 Case.

### 2. Furthermore, All of Plaintiff's Claims Should Be Dismissed Because They Could Have Been Raised in the 2024 Case

Next, Plaintiff argues that his claims are not barred by res judicata because the Magistrate Court "could not" adjudicate the claims he is now asserting. Opposition, at 2-3. Plaintiff argues that because the Magistrate Court's jurisdiction is limited to $7,500 he could not have brought all of his claims in the Magistrate Court. Opposition, at 3. However, Plaintiff is confusing the jurisdictional limit of the Court with the concept of res judicata. Admittedly, the Magistrate Court's jurisdiction was limited to $7,500, but the number of separate alleged impermissible inquiries Plaintiff could have asserted in Magistrate Court was unlimited. Plaintiff effectively capped all of his damages on all of his claims by filing in Magistrate Court.

Separate and apart from the jurisdictional limit of Magistrate Court is the application of res judicata to the Magistrate Court's judgment. Plaintiff cannot limit the application of res judicata by knowingly bringing his original claims in Magistrate Court and then arguing that res judicata

3

10083609.2

should not bar his claims because of the limited jurisdictional amount of Magistrate Court. Res judicata precludes claims that were actually brought and resolved in a prior action and those that *could have been raised* in the prior action. *See Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016). Plaintiff cannot pick and choose which claims to bring when they all arise out of the same occurrence or series of occurrences. By the time Plaintiff accepted Trans Union's Offer of Judgment and took the 2024 Case to judgment, Plaintiff was fully aware of all of the purported claims he now attempts to assert. Amended Complaint, ¶¶ 12-14. Thus, at the time the Judgment was entered in the 2024 Case on December 22, 2025, Plaintiff was fully aware of each of the claims that he now attempts to assert in this action.

Res judicata precludes the litigation of all grounds for recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767 (1979). A judgment entered on a party's acceptance of an offer of judgment, will give rise to res judicata. *See Nasser Asr v. Hansen*, No. 3:20-CV-141-MOC-DCK, 2020 WL 6875153, at \*4 (W.D.N.C. Nov. 23, 2020) (applying North Carolina law), *aff'd sub nom. Asr v. Eady-Williams*, No. 20-2236, 2022 WL 998988 (4th Cir. Apr. 4, 2022); *Williams v. New Century Investigations, Inc.,* No. 2005-UP-237, 2005 WL 7083703, at \*2–3 (S.C. Ct. App. Apr. 6, 2005). Similarly, settlement agreements and consent judgments give rise to a claim preclusion. *See Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990).* For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

**B. Plaintiff's § 1681b Claim Should Be Dismissed Because He Has Failed to Plausibly Allege a Violation of the FCRA**

In order to assert a permissible purpose claim under § 1681b of the FCRA, Plaintiff must allege the following: 1) Trans Union obtained his consumer report; 2) Trans Union did not have a

4

permissible purpose; 3) Trans Union did not have reason to believe it had a permissible purpose; 4) Plaintiff suffered damages; and 5) such damages were caused by Trans Union. 15 U.S.C. § 1681b; *see Miller v. Dish Network, L.L.C.,* 326 F. Supp. 3d 51, 65 (E.D. Va. 2018) (collecting cases).

In his Opposition, Plaintiff fails to even muster a substantive response. Instead, Plaintiff merely states that "[t]he Amended Verified Complaint identifies multiple dates on which Plaintiff's ChexSystems report was obtained. That specificity is enough at the pleading stage." Opposition, at 7. Yet, after filing two Complaints, Plaintiff has still not even alleged the required elements, much less provided actual facts in support of his claim to avoid dismissal. Amended Complaint, at p. 12, VI. Most glaringly, is Plaintiff's failure to allege and provide factual support for the required element that Trans Union "did not have reason to believe it had a permissible purpose." Accordingly, Plaintiff has failed to state a claim and his §1681b claim should be dismissed with prejudice. *See Twombly*, 550 U.S. at 555.

**C.    Plaintiff's Claim for Alleged Willful Violation of the FCRA Should Be Dismissed Because He Has Failed to Plausibly Allege a Willful Violation of the FCRA**

In his Opposition, Plaintiff is similarly dismissive of his pleading obligations with regard to his willfulness claim. Plaintiff merely states "Trans Union is a sophisticated consumer reporting entity familiar with FCRA compliance requirements, yet it repeatedly obtain consumer report information without proof of written instructions/consent/authorization." Opposition, at 7. Plaintiff goes on to improperly rely on declarations and hearsay evidence that are not properly before the Court and should be stricken. *See* Section III, infra.

Here, Plaintiff has failed to identify a single practice or policy of Trans Union that is objectively unreasonable. He merely argues, in general and conclusory statements, that Trans

5

Union acted willfully and that Trans Union "is a sophisticated entity that regularly operates as a consumer reporting agency and is charged with knowledge of the FCRA's permissible purpose requirements." Amended Complaint, at ¶54. Because Plaintiff has not and cannot allege sufficient facts to support his generalized allegations of willfulness, his claim for alleged willful violation of the FCRA cannot survive. *See Vecchione v. Bay Area Credit Serv.*, No. 1:13CV586, 2014 WL 6972407, at *4 (M.D.N.C. Dec. 9, 2014) (a plaintiff's conclusory allegations of a willful violation of the FCRA fails to state a claim).

### III.    PLAINTIFF'S EXHIBITS SHOULD BE STRICKEN AND NOT CONSIDERED

With his Opposition, Plaintiff attached several extraneous documents (Exhibits A, B, C, E [sic] and F) outside of his Amended Complaint. A court's evaluation of a motion to dismiss is generally limited to a review of the allegations of the complaint itself and any documents attached or incorporated into the complaint. Considering extrinsic documents during the pleading stage improperly converts a motion to dismiss into a motion for summary judgment. *See* <u>Defs. of Wildlife v. Boyles</u>, 608 F. Supp. 3d 336, 344 (D.S.C. 2022) (citations omitted). Furthermore, Trans Union objects to Exhibits A, B, C, E [sic] and F on the grounds that they are hearsay, contain hearsay within hearsay, and are unauthenticated. Fed. R. Evid. 802, 901. Trans Union moves the Court to strike all of the Exhibits attached to Plaintiff's Opposition and not consider them in determining the disposition of Trans Union's Motion to Dismiss.

### IV.    AMENDMENT WOULD BE FUTILE

Plaintiff has filed two Complaints in this action and previously amended his allegations in this case in response to Trans Union's first Motion to Dismiss. Any further attempt by Plaintiff to amend his claims would be futile. Accordingly, leave to amend should not be granted. *See In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005).

6

10083609.2

Respectfully submitted,

*s/ Wilbur E. Johnson*

Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile:  (843) 579-1332

*Counsel for Defendant Trans Union LLC*

Dated: May 21, 2026

7

10083609.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st of May 2026, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system.

I further certify that a true and correct copy of the above and foregoing was sent via United

States First Class Mail to the following:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

8

10083609.2