**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| NELSON L. BRUCE,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC and<br>UNKNOWN Does 1-100,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-00319-BHH-MGB |

**DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Defendant Trans Union LLC ("Trans Union") submits this Response in Opposition to Plaintiff Nelson L. Bruce's Objections to the Report and Recommendation, ECF No. 46 ("Objections"), and respectfully shows the Court as follows:

## I. INTRODUCTION

After full briefing, the Magistrate Judge issued a well-reasoned Report and Recommendation, ECF No. 44 ("R&R"), recommending that Trans Union's Motion to Dismiss be granted and that Plaintiff's Amended Complaint ("Amd. Compl.") be dismissed with prejudice. *See generally* R&R. In his Objections, Plaintiff fails to set forth any grounds to reject or modify the R&R. Plaintiff's Objections largely recycle the same arguments Plaintiff already made in his Opposition to Trans Union's Motion to Dismiss, ECF No. 30 ("Opposition"), and Sur-Reply, ECF No. 40 ("Sur-Reply"), arguments the Magistrate Judge already considered and correctly rejected. And where Plaintiff's Objections assert anything new, he is either misconstruing the R&R or raising arguments that are irrelevant to this Court's analysis. For the reasons set forth below, Court

should overrule Plaintiff's Objections, adopt the R&R, and dismiss all of Plaintiff's claims with prejudice.

## II. STANDARD OF REVIEW

A district court reviews de novo only "those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). General objections that merely rehash arguments already presented to and rejected by the magistrate judge do not trigger de novo review; the purpose of the objection requirement is to focus the district court on the issues "at the heart of the parties' dispute," not to afford a litigant another, identical argument. *Id.* at 315. Much of Plaintiff's briefing repeats, often verbatim, the positions in his Opposition and Sur-Reply and warrants only clear-error review.

De novo review of a properly preserved issue requires the Court to consider all arguments directed to that issue, even those not raised before the magistrate judge. *Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017). It does not, however, require the Court to consider wholly new issues, claims, or theories raised for the first time in objections and never presented to the magistrate judge. *Id.* at 274-75. A party may not use objections to assert a new claim or theory not presented below, and the district court may decline to consider such newly raised argument that as a matter of discretion. *Id.* at 275-76.

Although Rule 8 does not require detailed factual allegations to survive a motion to dismiss, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of satisfying the federal pleading standard. *See Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must

contain sufficient factual matter to state a claim to relief that is "plausible on its face," such that the allegations allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Id*. While a court must take all factual allegations in a complaint as true in reviewing a Rule 12(b)(6) motion to dismiss, it "need not assume the veracity of bare legal conclusions." *See Balas v. Reveley*, 734 F. App'x 201, 202 (4th Cir. 2018) (citing *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012)); *Twombly*, 550 U.S. at 555.

A court's review of a motion to dismiss is confined to the complaint, documents integral to and incorporated in it, and matters subject to judicial notice. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606-607 (4th Cir. 2015). Although a court may not treat disputed facts in a judicially noticed or integral document as established truth, *Id.* at 607, that principle is not applicable here because the Magistrate Judge did not resolve any disputed fact against Plaintiff. The Magistrate Judge accepted Plaintiff's allegations as true and found them legally insufficient. *See* R&R, at 13-15.

## III. ARGUMENT

### A. Plaintiff's Objections to a Ruling in Plaintiff's Favor Supply No Basis to Reject the R&R (Objections One and Two)

Objections One and Two challenge the R&R's review of the prior Magistrate Court record, the Offer of Judgment, and issue of res judicata. But the Magistrate Judge did not rely on res judicata as a basis for dismissal. R&R, at 11. There is, therefore, nothing in the res judicata discussion for the Court to overrule in Plaintiff's favor, and Plaintiff's Objections identify no portion of the R&R that relies on it. Trans Union respectfully reserves its position that Plaintiff's claims are barred by the Judgment in Magistrate Court entered on its Offer of Judgment, but the Court need not revisit that question here, because the R&R's independent grounds fully support dismissal. Furthermore, Magistrate Judges and objecting parties need not address every alternative

argument raised by a motion to dismiss. *See* Wright & Miller, *Federal Practice and Procedure* § 3070.1 (3d ed.).

Plaintiff's argument that the Magistrate Judge failed to consider the alleged CreditKarma communications, Objections, at 4-5, misreads the R&R. To the contrary, the Magistrate Judge fully considered the allegations relating to CreditKarma and concluded they were "conclusory, unadorned allegations that appear to be based on Plaintiff's own beliefs." R&R, at 13-14.

Plaintiff's suggestion that the Magistrate Judge "relied selectively" on the prior record and resolved disputed facts through judicial notice simply misreads the R&R. The recommendation of dismissal in Sections II and III does not rest on any judicially noticed fact or on the prior record at all. It rests on the content of the Amended Complaint and the allegations which the Magistrate Judge accepted as true. Because the Magistrate Judge did not credit any disputed extrinsic fact against Plaintiff, the authorities Plaintiff cites (*Zak* and *Goines*) do not support rejecting or modifying the R&R. Objections, at 6.

**B. The R&R Correctly Concluded That Plaintiff Failed to State a Claim Under § 1681b (Objections Three and Four).**

In order to assert a permissible purpose claim under § 1681b of the FCRA, Plaintiff must allege the following: 1) Trans Union obtained his consumer report; 2) Trans Union did not have a permissible purpose; 3) Trans Union did not have reason to believe it had a permissible purpose; 4) Plaintiff suffered damages; and 5) such damages were caused by Trans Union. 15 U.S.C. § 1681b; *see Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 894 (D.S.C. 2016); *Miller v. Dish Network, L.L.C.,* 326 F. Supp. 3d 51, 65 (E.D. Va. 2018) (collecting cases). The FCRA authorizes a consumer reporting agency to furnish a report for any of several enumerated permissible purposes, and "does not require that a user of credit reports . . . have a consumer's 'permission' to access his credit report." *Glanton,* at 895. Consent is but one of the enumerated purposes;

"[a]lleging an inquiry occurred without authorization says nothing about whether it fell within a permissible purpose under § 1681b(a)(3)." *Grajales v. Experian Info. Sols., Inc.*, No. 1:25-CV-851, 2026 WL 2936645, at *3 (M.D.N.C. Sept. 30, 2026). Nor must a plaintiff have had direct dealings with the party that obtained the report. *Id.*, at *2. A conclusory allegation that a report served "no permissible purpose" therefore fails to state a claim. *Id.,* at *3.

The Magistrate Judge applied exactly these principles and determined Plaintiff's Amended Complaint failed under them. R&R, at 13. Plaintiff alleges only that Trans Union obtained his ChexSystems report on various dates "on behalf of CreditKarma" without his consent and that TransUnion failed to make the required "reasonable effort to verify the uses certified by [a] prospective user prior to furnishing [] a consumer report." R&R, at 13. As the Magistrate Judge recognized, those allegations do not exclude the many other permissible purposes under which Trans Union lawfully could have obtained the report, and Plaintiff's allegations the CreditKarma lacked a legitimate business need and that Trans Union failed to verify the certified use are "conclusory, unadorned allegations that appear to be based on Plaintiff's own beliefs." R&R, at 14. Such a claim, which "merely recites the elements . . . without providing any facts," cannot survive dismissal. *Campbell v. Experian Info. Sols., Inc.*, No. 3:24-5772-JFA-SVH, 2024 WL 5498104, at *3 (D.S.C. Dec. 30, 2024).

Plaintiff's objection that the R&R improperly required him to "disprove every possible statutory purpose" (Objection Three) misstates the pleading burden and the holding in the R&R. The R&R did not demand that Plaintiff negate every purpose; it held that Plaintiff pleaded no facts plausibly showing the absence of any permissible purpose or that Trans Union lacked a reason to believe one existed. R&R, at 14. As many courts have held, simply alleging that a defendant lacked one of several possible permissible purposes is legally insufficient to state a claim under §1681b

of the FCRA. *See Glanton v. DirecTV, LLC, 172 F. Supp. 3d 890, 895* (D.S.C. 2016) ("These allegations are insufficient to indicate that the defendant accessed the plaintiff's credit report without a permissible purpose. By its plain language, Section 1681b does not require that a user of credit reports like the defendant have a consumer's "permission" to access his credit report. It is also insufficient for the plaintiff to allege that he "never sought to acquire services from" the defendant."); *Grajales v. Experian Info. Sols., Inc.*, No. 1:25-CV-851, 2026 WL 2936645, at *3 (M.D.N.C. Sept. 30, 2026) ("Plaintiff pled nothing about what Defendant knew or had reason to know about any requester. … Therefore, Plaintiff's allegations of reports serving "no permissible purpose" under 15 U.S.C. § 1681b is a conclusion which fails to state a claim for relief."); *Harper v. Trans Union, LLC*, No. CV DKC 24-230, 2025 WL 1928021, at *3 (D. Md. July 14, 2025) ("Although one way in which a consumer reporting agency may lawfully furnish a consumer report is with the consumer's written permission, there are multiple other permissible reasons for a consumer reporting agency to furnish a consumer report. *See* § 1681b(a)(3). … Therefore, Plaintiff fails to state a claim, and Defendant's motion for judgment on the pleadings will be granted as to this claim.").

Furthermore, a plaintiff must sufficiently plead that the user of the consumer report lacked a *reason to believe* a permissible purpose exists. *See* 15 U.S.C. § 1681b(a)(3); *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 896 (D.S.C. 2016). The alleged CreditKarma inquiries on which Plaintiff relies, even if taken as true, do not establish that Trans Union lacked a permissible purpose and that it lacked a reason to believe one existed. Plaintiff's failure to plead facts showing that Trans Union acted without a permissible purpose ***and*** without a reason to believe a permissible purpose existed defeats the claim for two independent reasons. *Glanton*, the at 896-97.

Finally, Plaintiff's contention (Objection Four) that dismissal is premature because the relevant facts should be developed in discovery is foreclosed by the plausibility standard itself. *See Iqbal*, 556 U.S., at 678-79. A plaintiff is not entitled to conduct discovery to find a claim he has failed to adequately plead. The pleading standard exists precisely to screen out claims that are merely conceivable rather than plausible before the parties incur the expense of discovery. *Duncan Allen Robinson Jr v. Lawrence County Detention Center Correctional Officer Miller, et al.*, No. 8:25-CV-10427-JD-WSB, 2026 WL 3034210, at *3 (D.S.C. Oct. 9, 2026) ("Discovery cannot replace factual allegations required by Rule 8," citing *Iqbal*.).

**C. The R&R Correctly Concluded That Plaintiff, Proceeding Pro Se, Cannot Maintain Class Claims (Objection Five).**

The Magistrate Judge correctly held that Plaintiff, as a pro se litigant, may not pursue claims on behalf of a putative class. R&R, at 12. Plaintiff concedes this point. Objections, at 15.

Plaintiff's objection that dismissal of the class allegations should not sweep away his individual claims fails. While pro se litigants may not be expected to "frame legal issues with the clarity and precision ideally evident in the work of those trained in law," neither is the court required to redraft Plaintiff's Amended Complaint in a way that complies with the pleading rules. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1276, 1278 (4th Cir. 1985).

Furthermore, the pro se class bar is not the sole ground for dismissing Plaintiff's Amended Complaint. The Magistrate Judge independently recommended dismissal of Plaintiff's FCRA, SCCPC, and privacy claims on the merits in Section III of the R&R. R&R, at 13-18. Because Plaintiff's individual claims fail on their own terms, there is no viable claim to preserve, and the question whether the class allegations should be dismissed is academic.

**D. Sections 1681q, 1681(a)(4) and 18 U.S.C. § 1028A Create No Private Right of Action (Objection Six).**

The Magistrate Judge correctly held that § 1681q is a criminal provision of the FCRA that affords no private civil cause of action, that § 1681(a)(4) is a congressional-findings provision that creates no cause of action, and that 18 U.S.C. § 1028A is a criminal statute giving rise to no civil claim. R&R, at 15-16. For example, § 1681(a)(4) "is not an operative statute upon which claims can be based" but "simply provides the congressional findings and purpose of the FCRA." *Harper v. Trans Union, LLC*, No. CV DKC 24-230, 2025 WL 1928021, at *3 (D. Md. July 14, 2025). Plaintiff concedes that none of these provisions independently creates a civil claim. Objections, at 17. His objection is merely that these references should not "require dismissal of the entire case." Objections, at 17. That argument misreads the R&R. The Magistrate Judge dismissed the case because the claims are insufficiently pleaded and the state-law claims are preempted and inadequate, not because the non-cognizable statutory references, standing alone, doomed the Amended Complaint. Dismissal of these theories is correct, and nothing turns on whether they are characterized as dismissed claims or disregarded surplusage.

**E. The R&R Correctly Rejected Plaintiff's Willfulness and Negligence Allegations (Objection Seven).**

Sections 1681n and 1681o supply remedies for willful and negligent violations but impose no independent duty; each attaches only where a defendant has failed to comply with a requirement imposed by the FCRA. *Grajales*, 2026 WL 2936645, at *2*. Because Plaintiff has not plausibly alleged an underlying violation of § 1681b, the Court "need not reach whether any such violation was willful or negligent." *Id.*, at 4. The Magistrate Judge so held, and that holding is correct. R&R, at 16.

Even if the derivative claims were reached, Plaintiff's willfulness allegations fail. Willfulness under the FCRA requires knowing or reckless conduct; a company does not act in reckless disregard of the statute unless its action "is not only a violation under a reasonable reading

of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). Plaintiff pleads only that Trans Union is a "sophisticated entity" familiar with the FCRA that repeatedly accessed his report — the same conclusory assertions the Magistrate Judge correctly found insufficient. R&R, at 17. Boilerplate allegations of sophistication and repetition do not supply the particularized facts that a knowing or reckless violation requires, and a plaintiff must allege the culpable mental state with sufficient factual support. *See Glanton*, 172 F. Supp. 3d at 897.

Similarly, a negligence claim under the FCRA requires a showing that the defendant failed to act as a reasonably prudent consumer reporting agency would have acted. *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 416 (4th Cir. 2001). Plaintiff's Amended Complaint fails to make any such allegations, nor does it provide any facts that would support such a claim. *See generally* Amd. Compl.

**F. The R&R Correctly Concluded That Plaintiff's SCCPC and Invasion-of-Privacy Claims Are Preempted and Inadequately Pleaded (Objection Eight).**

The FCRA's preemption provisions bar Plaintiff's state-law claims. District courts in this Circuit, including in this District, apply the "statutory approach," under which § 1681t(b)(1)(F) preempts state statutory causes of action and § 1681h(e) preempts certain state common-law tort claims, such as invasion of privacy/intrusion upon seclusion, so that the two provisions operate concurrently. *See Crowe v. United Cmty. Bank*, No. 8:20-CV-1048-TMC, 2022 WL 18584370, at *3*-4 (D.S.C. Jan. 24, 2022). Applying that approach, this Court has held that FCRA preempts SCCPC claims. R&R, at 16; *see Bruce v. REV Fed. Credit Union*, No. 2:22-CV-01292-BHH-MGB, 2022 WL 17668159, at *2-4 (D.S.C. Sept. 12, 2022). The Magistrate Judge correctly applied that authority in recommending dismissal of Plaintiff's SCCPC claim. R&R, at 16. Even

setting preemption aside, Plaintiff's SCCPC claim is independently deficient for the same reasons that his FCRA claims are inadequately pleaded. He has not pleaded the essential elements of his SCCPC claims, nor has he pleaded any facts that would support such a claim.

The common-law invasion of privacy/intrusion upon seclusion claim fails for similar reasons. Section 1681h(e) bars any action "in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency." 15 U.S.C. § 1681h(e); *see Ross v. F.D.I.C.*, 625 F.3d 808, 813-14 (4th Cir. 2010). That exception is narrow and authorizes a state-law action "only for conduct that is truly malicious and not simply careless." *Ross* at 817. Under South Carolina law, malice is established only if "the defendant acted with ill will toward the plaintiff or acted recklessly or wantonly, meaning with conscious indifference toward the plaintiff's rights." *Crowe*, 2022 WL 18584370, at *6; see Beattie v. Nations Credit Fin. Servs. Corp., 69 F. App'x 585, 590-91 (4th Cir. 2003).* As the Magistrate Judge correctly found, Plaintiff pleaded "nothing more than conclusory assertions" of malice, which do not satisfy that standard. R&R, at 17. Conclusory allegations of malice and emotional harm are insufficient as a matter of law. *See Balas v. Reveley,* 734 F. App'x 201, 202 (4th Cir. 2018).

**G. Further Amendment Would Be Futile, and Dismissal With Prejudice Is Appropriate (Objection Nine).**

The Magistrate Judge correctly concluded that further amendment would not cure the Amended Complaint's deficiencies. R&R, at 18, n.7. Plaintiff has already filed two complaints and amended once in response to Trans Union's first motion to dismiss; leave to amend may be denied where amendment would be futile. *In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005). The deficiencies the Magistrate Judge identified are legal, not merely factual. No

amount of re-pleading can cure those defects. Dismissal with prejudice, as the Magistrate Judge recommended, is appropriate.

**H. Plaintiff's New Argument Concerning a Magistrate Court Ruling Should Be Disregarded (Objection Ten).**

Plaintiff argues that the R&R failed to address a prior Magistrate Court order purportedly denying cross-motions for summary judgment and setting the matter for a civil jury trial, which Plaintiff says shows his claims were "sufficient to proceed." Objections, at 25. This argument appears nowhere in Plaintiff's Opposition or Sur-Reply; Plaintiff raises it for the first time in his Objections. It is therefore new matter the Court should decline to consider, because a litigant may not use objections to inject a new theory never presented to the magistrate judge. *See Samples*, 860 F.3d at 275-76.

Plaintiffs' new argument fails on every level. First, the purported order is not part of this record. The materials before the Court establish only that the 2024 Magistrate Court action was resolved by Plaintiff's acceptance of Trans Union's Offer of Judgment, that judgment was entered in Plaintiff's favor for $7,500 on December 22, 2025, and that the case was closed after Trans Union paid and filed a Notice of Satisfaction. R&R, at 8-9. Second, even if such an order existed, it would be irrelevant. A South Carolina Magistrate Court's purported denial of summary judgment in a separate case says nothing about whether the Amended Complaint satisfies the federal pleadings standard under Rule 12(b)(6). The sufficiency of the Amended Complaint is measured by the federal plausibility standard, *Iqbal*, at 678, not by a non-binding state-court interlocutory ruling in a different case under a different standard.

## IV. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that the Court overrule Plaintiff's Objections, adopt the Report and Recommendation, and dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

*s/ Wilbur E. Johnson*

Wilbur E. Johnson, Esquire
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile: (843) 579-1332

*Counsel for Defendant Trans Union LLC*

Date: November 11, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of November, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I further certify that a true and correct copy of the above and foregoing was sent via United States First Class Mail to the following:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**